

ADRIENNE C. PUBLICOVER (SBN 161432)
MICHAEL K. BRISBIN (SBN 169495)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN& DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Plaintiff
**PRINCIPAL LIFE INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PRINCIPAL LIFE INSURANCE COMPANY,

    Plaintiff,

    v.

VINA CUESTA STATUA, INOCENCIO S. AMBE, CORAZON AMBE CABALES, ESTELA D. REED, and DOES 1-10,

    Defendants.

Case No. C 07 4915 JCS

**PLAINTIFF PRINCIPAL LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER FOR DECLARATORY RELIEF**

Plaintiff, PRINCIPAL LIFE INSURANCE COMPANY (hereinafter referred to as "PRINCIPAL LIFE"), by its attorneys, the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, hereby submits its Complaint in Interpleader and Declaratory Relief as follows:

### JURISDICTION AND VENUE

1.    This Interpleader action is brought pursuant to the Federal Interpleader Statute, U.S.C.A. Sections 1335, 1397 and 2361. U.S.C.A. Section 1335 requires subject matter jurisdiction which is satisfied if the stake at issue is worth $500 or more, and if the citizenship of only one of the claimants is diverse from that of any other claimant (not including the

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory Relief
USDC NDCA Case No:
294011.1

1

1 stakeholder). For the reasons set forth below these requirements are satisfied and the Federal Interpleader Statute is properly invoked.

2. The Federal Interpleader Statute requires subject matter jurisdiction through either federal question or diversity. Here, diversity jurisdiction exists pursuant to 28 U.S.C.A. 1335.

3. Plaintiff PRINCIPAL LIFE is a citizen of Iowa as a corporation duly organized and existing under the laws of the State of Iowa with its principal place of business located in Des Moines, Iowa. At all times relevant herein, PRINCIPAL LIFE is and was authorized to conduct business throughout the State of California as a life insurer and conducts business in the Northern District of California.

4. PRINCIPAL LIFE is informed and believes that Defendant VINA CUESTA STATUA is the daughter of decedent Natividad A. Cuesta and a resident and citizen of California.

5. PRINCIPAL LIFE is informed and believes that Defendant INOCENCIO S. AMBE is the brother of decedent Natividad A. Cuesta and a resident and citizen of the Philippines.

6. PRINCIPAL LIFE is informed and believes that Defendant CORAZON AMBE CABALES is the cousin of decedent Natividad A. Cuesta and a resident and citizen of California.

7. PRINCIPAL LIFE is informed and believes that Defendant ESTELA D. REED is a cousin of decedent Natividad A. Cuesta and is a resident and citizen of California.

8. PRINCIPAL LIFE is informed and believes the amount in controversy exceeds $500.00, as the life insurance policy at issue has an uncontested face value of $50,000.00, and a net death benefit totaling $57,433.54 which is due and owing by reason of the death of the insured, Natividad A. Cuesta. Thus, there is subject matter jurisdiction pursuant to U.S.C.A. Section 1335.

9. PRINCIPAL LIFE is informed and believes that according to 28 U.S.C.A. 1397 venue is proper in any judicial district in which one of the claimants resides. Therefore, the United States District Court, Northern District is a proper venue because two of the claimants

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory Relief
USDC NDCA Case No:
294011.1

2

(ESTELA REED and CORAZON CABALES) reside in Alameda and San Leandro, California, respectively.

10. PRINCIPAL LIFE is informed and believes that pursuant to 28 U.S.C.A Section 2361 provides for substantially expanded personal jurisdiction over the claimants. Thus, the claimants will subject to the District Court's jurisdiction once service is completed.

11. PRINCIPAL LIFE is ignorant of the true names and capacities of the Defendants, sued herein as Does 1-10, and for those reasons, sue those Defendants by fictitious names. PRINCIPAL LIFE is informed and believes, and thereon alleges, that each of the fictitiously named Defendants claims some right, title or interest in or to the proceeds of the life insurance policy which is the subject of this complaint. When PRINCIPAL LIFE ascertains the true names and capacities of the fictitiously named Defendants, it will amend this Complaint by inserting the same herein.

## FIRST CLAIM FOR RELIEF

## INTERPLEADER

12. PRINCIPAL LIFE re-alleges and incorporates by reference paragraphs 1 through 11 above as though fully set forth herein.

13. PRINCIPAL LIFE is informed and believes, and on that basis alleges, that Natividad A. Cuesta ("insured", "decedent" or "Cuesta") was originally insured under an adjustable life insurance policy, number 4346789, issued on December 17, 1993 for $50,000.00 underwritten by PRINCIPAL LIFE INSURANCE COMPANY ("PRINCIPAL LIFE").

14. PRINCIPAL LIFE is informed and believes, and on that basis alleges, the application reads that her original beneficiaries were her daughter Jocelyn Ambe Cuesta, and brother, INOCENCIO S. AMBE, each to equally share the policy benefits.

15. PRINCIPAL LIFE is informed and believes, and on that basis alleges, that on September 10, 1997, decedent Cuesta changed her beneficiary designation to the following: Jocelyn A. Cuesta – Siu, daughter; INOCENCIO AMBE, brother; Vina A. Shrigley, daughter; all to share the life insurance benefit equally. She also named her grand daughter, Deneka Taylor-Siu, as a contingent beneficiary.

16. PRINCPAL LIFE is informed and believes, and on that basis alleges that on July 1, 1999, decedent Cuesta submitted a further change of beneficiary benefit instructions, changing her beneficiaries to the following: VINA AMBE CUESTA, daughter 50%; Jocelyn C. Siu, daughter 25% and Deneka C. Siu, granddaughter 25%.

17. PRINCIPAL LIFE is informed and believes, and on that basis alleges the beneficiary designation remained as set forth in paragraph 16 until December 20, 2006 when decedent Cuesta change the beneficiaries to the following designations: VINA CUESTA STATUA, daughter, 94%; INOCENCIO AMBE, brother, 3%; and CORAZON CABALES, cousin, 3%.

18. PRINCIPAL LIFE is informed and believes, and on that basis alleges that on April 2, 2007 decedent Cuesta allegedly executed a change of beneficiary form again changing the designations set forth in paragraph 17 to ESTELA D. REED, cousin, 100%.

19. PRINCIPAL LIFE is informed and believes, and on that basis alleges that on April 8, 2007, decedent Cuesta died from cancer.

20. PRINCIPAL LIFE is informed and believes, and on that basis alleges, that decedent Cuesta was insured under life insurance policy number 4346789 when she died on April 8, 2007.

21. PRINCIPAL LIFE is informed and believes, and on that basis alleges, it did not receive a copy of the change in beneficiary form dated April 2, 2007, until May 3, 2007. Said form was sent to PRINCIPAL LIFE by Senior Agent Eddie M. Biala after he tried to clarify the designations with decedent Cuesta before her death. Mr. Biala's attempted clarification emanated from his prior conversation with decedent Cuesta who at the time stated she wanted her cousin, Estela Reed, and her daughter, Vina Cuesta Statua, to share the life insurance proceeds.

22. PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 3, 2007, it received a claim for the life insurance proceeds at issue from Defendant VINA CUESTA STATUA.

23. PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 3,

2007, it received a claim for the life insurance proceeds at issue from Defendant CORAZON CABALES.

24. PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 5, 2007 it received a letter from Kenneth E. Mitchell of Mitchell, Courts & Levin LLP, counsel for ESTELA D. REED. The letter stated Defendant REED was submitting a beneficiary's statement, a copy of the certified death certificate, and a copy of the beneficiary change form executed on April 2, 2007.

25. PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 5, 2007, it received a claim for the life insurance proceeds at issue from Defendant ESTELA REED.

26. PRINCIPAL LIFE is informed and believes and on that basis alleges that, on or after May 5, 2007, Defendant VINA CUESTA STATUA alleged the beneficiary change dated April 2, 2007 was not valid. This contention placed PRINCIPAL LIFE on notice that a serious dispute existed between at least two parties regarding the disbursement of the life insurance proceeds.

27. On May 11, 2007, PRINCIPAL LIFE sent to counsel for Defendant REED and counsel for Defendant VINA CUESTA STATUA a letter discussing the competing claims and indicating that if the parties could not settle the dispute surrounding the distribution of the life insurance proceeds from Policy No. 4346789, PRINCIPAL LIFE would move forward with an Interpleader action and seek to recover its costs associated with said action.

28. PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 29, 2007, it received a claim for the life insurance proceeds at issue from Defendant INOCENCIO S. AMBE.

29. On June 11, 2007 PRINCIPAL LIFE sent to Defendant INOCENCIO AMBE correspondence regarding his claim for the life insurance proceeds indicating they were still awaiting information from other parties before distributing the monies.

30. PRINCIPAL LIFE is informed and believes and on that basis alleges, the Defendants have never communicated resolution of the issue surrounding the distribution of life

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory Relief
USDC NDCA Case No:
294011.1
5

1 insurance proceeds from policy number 4346789.

2     31.    By reason of the decedent's death, the life insurance proceeds under PRINCIPAL LIFE insurance policy number 4346789 are due and owing. At the time of the insured's death, the face amount was Fifty Thousand dollars and no cents ($50,000.00) and the net benefit due is Fifty Seven Thousand Four Hundred Thirty three dollars and Fifty four cents ($57,433.54).

    32.    PRINCIPAL LIFE at all times mentioned in this Complaint has been, and is ready, willing, and able, to pay the life insurance proceeds under policy number 4346789 to the person or persons legally entitled thereto. However, PRINCIPAL LIFE is informed and believes, and on that basis alleges, that there are actual and/or potential conflicting claims relating to the life insurance proceeds.

    33.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, that Defendants and each of them, are persons known to PRINCIPAL LIFE to be, or who may be, asserting some right, title, or interest in or to all of a portion of the proceeds of the life insurance policy which is the subject of this Complaint, and that there may be conflicting potential demands upon PRINCIPAL LIFE, specifically:

    a.    PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant VINA CUESTA STATUA, as the daughter of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named primary beneficiary as far back as 1999.

    b.    PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant CORAZON AMBE CABALES, as the cousin of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named primary beneficiary since December 2006.

---

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory Relief
USDC NDCA Case No:
294011.1

6

     c. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant INOCENCIO S. AMBE, as the brother of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been named a primary beneficiary since 1993.

     d. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant ESTELA D. REED, cousin to decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as the new primary beneficiary which change occurred 6 days before decedent Cuesta died from cancer.

34. By reason of the actual and potential conflicting claims to the life insurance proceeds, PRINCIPAL LIFE does not know and cannot determine the person or persons legally entitled to payment.

35. PRINCIPAL LIFE is unable to determine with certainty the validity of the conflicting demands that are or may be made by Defendants herein as described above, and cannot determine whom to pay in light of the actual and potential competing claims of the decedent's alleged change in beneficiary on April 2, 2007, prior beneficiary change in December 2006, the claim of decedent's daughter, her brother, or her cousins. Additionally, PRINCIPAL LIFE may be exposed to multiple claims or liability should it make payment of any, or all, of the balance of the benefits to an individual not entitled to the benefits.

36. PRINCIPAL LIFE claims no interest in the balance of the life insurance proceeds, or any part thereof, other than as a mere stakeholder of those proceeds, and as a result of the actual and potential conflicting, but apparently potentially valid claims of the Defendants, is indifferent as to which Defendant should receive the death benefit proceeds. Accordingly, PRINCIPAL LIFE files this Complaint in good faith and without collusion with any of the parties hereto to resolve all disputes over the life insurance proceeds.

///

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory Relief
USDC NDCA Case No:
294011.1

7

37. Concurrent with the filing of this Complaint PRINCIPAL LIFE has deposited with the Clerk of this Court there to remain until the outcome of this action a check totaling Fifty Seven Thousand Four Hundred Thirty three dollars and Fifty four cents ($57,433.54), which represents the net benefit due under life insurance policy number 4346789, and interest since the date of Natividad Cuesta.

38. PRINCIPAL LIFE has retained the services of attorneys in California for the purpose of protecting its interests arising out of the Defendants' actual and/or potential conflicting claims, and PRINCIPAL LIFE will be called upon to pay those attorneys for those services that they render in that regard. PRINCIPAL LIFE also will be compelled to incur costs and disbursements in the prosecution of this action. Those attorney's fees, costs and disbursements are and should be a legal charge upon the proceeds of life insurance policy, number 4346789 and should be repaid to PRINCIPAL LIFE out of the funds that it has concurrently deposited with the Clerk of this Court.

39. All named and fictitiously named Defendants have potential claims to the life insurance proceeds from policy 4346789.

40. PRINCIPAL LIFE cannot determine, without hazard to itself, which Defendants' claim or claims or potential claim or claims are or may be valid. Defendants should be required to assert their respective claims to the life insurance policy proceeds from number 4346789 and litigate these claims among themselves.

41. PRINCIPAL LIFE has no other means of protecting itself from the vexation of duplicative claims and therefore is entitled to interplead the life insurance proceeds into this Court, to obtain judgment releasing PRINCIPAL LIFE from further participation in this matter, and for its fees and costs in interpleading the funds.

42. PRINCIPAL LIFE is entitled to a permanent injunction against all Defendants enjoining them from instituting or prosecuting any proceeding in any State or United States Court against PRINCIPAL LIFE, arising from life insurance policy number 4346789 or the benefits payable there under, and requiring the Defendants to make any claim they might have with regard thereto in this action.

## SECOND CLAIM FOR RELIEF

## DECLARATORY RELIEF

43.  PRINCIPAL LIFE re-alleges and incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

44.  Actual and potential controversies have arisen and now exist between Defendants and PRINCIPAL LIFE concerning monies payable under life insurance policy number 4346789, specifically as follows:

  a. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant VINA CUESTA STATUA, as the daughter of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named primary beneficiary as far back as 1999.

  b. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant CORAZON AMBE CABALES, as the cousin of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named primary beneficiary since December 2006.

  c. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant INOCENCIO S. AMBE, as the brother of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been named a primary beneficiary since 1993.

  d. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant ESTELA D. REED, cousin to decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as the new primary

1 | beneficiary which change occurred 6 days before decedent Cuesta died from
2 | cancer.

45. By reason of the foregoing, there now exists actual and potential, justiciable controversies among the parties. The Court is vested with the power to declare and adjudicate the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

46. PRINCIPAL LIFE therefore desires a judicial determination of the rights and obligations of each of the parties to this action with respect to life insurance policy number 4346789 in conformity with the allegations set forth herein.

47. A judicial determination is necessary and appropriate at this time in order that each of the parties may ascertain their respective rights and duties as to one another and may conduct themselves accordingly now and in the future.

**PRAYER**

WHEREFORE, PRINCIPAL LIFE prays for judgment against all Defendants as follows:

1. That this Court decree that the Complaint is properly filed and that this is a proper cause for Interpleader;

2. That the Clerk of this Court be authorized and directed to accept the funds interplead by this action and to deposit the same into the Court's registry held in an interest bearing account;

3. That Defendants each be compelled to interplead or settle among themselves their respective rights or claims to the proceeds due and payable under life insurance policy number 4346789 by reason of the insured's death;

4. That the Court enter an Order restraining Defendants, and each of them, from instituting or prosecuting any proceeding in any State or United States Court against PRINCIPAL LIFE with respect to the life insurance policy number 4346789 and the proceeds payable there under;

/ / /

/ / /

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory Relief
USDC NDCA Case No:
294011.1

10

5. That having deposited benefit proceeds from life insurance policy number 4346789 with the Clerk of the Court, PRINCIPAL LIFE be discharged from all liability to Defendants, and each of them, in this action or under the life insurance policy number 4346789.

6. That PRINCIPAL LIFE be awarded its cost of suit incurred herein, including its reasonable attorney's fees, to be paid out of the funds PRINCIPAL LIFE deposited with the Clerk of the Court; and

7. For such other and further relief as the Court deems just and proper.

Date: September 21, 2007     WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Adrienne C. Publicover
Michael K. Brisbin
Attorneys for Plaintiff
**PRINCIPAL LIFE INSURANCE COMPANY**
Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory Relief
USDC NDCA Case No:
294011.1

11