DANIEL J. DE VRIES (Bar No. 154415)
MARC J. CARDINAL (Bar. No. 197437)
DE VRIES LAW GROUP
Las Puertas Building
53 Muckelemi Street
Post Office Box 996
San Juan Bautista, California 95045
Telephone:   831-623-4100
Facsimile:     831-623-4101
Email:  djdv@devrieslawgroup.com
Email:  mjc@devrieslawgroup.com

Attorneys for Defendant
VINA CUESTA STATUA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA –

OAKLAND DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VINA CUESTA STATUA. INOCENCIO S. AMBE, CORAZON AMBE CABALES, ESTELA D. REED, and DOES 1-10,<br><br>　　　　　Defendants. | CASE NO.  C 07-04915 CW<br><br>**DEFENDANT VINA CUESTA STATUA'S ANSWER TO COMPLAINT IN INTERPLEADER FOR DECLARATORY RELIEF** |

DEFENDANT, VINA CUESTA STATUA, (hereinafter referred to as "Defendant"), by its attorneys, the law firm of De Vries Law Group, hereby submits her answer to Complaint in Interpleader and Declaratory Relief (hereinafter referred to as "Complaint") as follows:

### JURISDICTION AND VENUE

1. In answer to paragraph 1 of the Complaint, Defendant, without admitting that Defendant Estella Reed ("Defendant REED") is entitled to any of the life insurance proceeds deposited with this Court, admits all the allegations contained therein.

2. In answer to paragraph 2 of the Complaint, Defendant admits all the

allegations contained therein.

3. In answer to paragraph 3 of the Complaint, Defendant is without sufficient knowledge and information sufficient to form a belief as to the truth contained in said paragraph and therefore is unable to admit or deny the allegations contained therein.

4. In answer to paragraph 4 of the Complaint, Defendant admits all the allegations contained therein.

5. In answer to paragraph 5 of the Complaint, Defendant admits all the allegations contained therein.

6. In answer to paragraph 6 of the Complaint, Defendant admits all the allegations contained therein.

7. In answer to paragraph 7 of the Complaint, Defendant admits all the allegations contained therein except that Defendant REED is a cousin of decedent Natividad A. Cuesta, which is denied.

8. In answer to paragraph 8 of the Complaint, Defendant admits all the allegations therein except that Defendant is without sufficient knowledge and information to form a belief as to the net benefit from life insurance policy 4346789 total $57,433.54, and on that basis is unable to admit or deny that specific allegation.

9. In answer to paragraph 9 of the Complaint, Defendant admits all the allegations therein.

10. In answer to paragraph 10, Defendant is without sufficient knowledge and information to form a belief as to the truth contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. In answer to paragraph 11, Defendant is without sufficient knowledge and information sufficient to form a belief as to the truth contained in said paragraph, and on that basis denies each and every allegation contained therein.

///

DE VRIES LAW GROUP
ATTORNEYS AT LAW
SAN JUAN BAUTISTA

DEFENDANT VINA CUESTA STATUA'S ANSWER TO COMPLAINT IN INTERPLEADER FOR DECLARATORY RELIEF

## FIRST CLAIM FOR RELIEF

## INTERPLEADER

12. In answer to paragraph 12, Defendant re-alleges and incorporates by reference paragraphs 1 through 11 above as fully set forth herein.

13. In answer to paragraph 13, Defendant admits all the allegations therein.

14. In answer to paragraph 14, Defendant admits all the allegations therein.

15. In answer to paragraph 15, Defendant is without knowledge and information to form a belief as to the truth contained in said paragraph, and on that basis is unable to admit or deny the allegations contained therein.

16. In answer to paragraph 16 of the Complaint, Defendant admits all the allegations therein.

17. In answer to paragraph 17 of the Complaint, Defendant admits all the allegations therein.

18. In answer to paragraph 18, Defendant is without sufficient knowledge and information to form a belief as to the truth contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. In answer to paragraph 19, Defendant admits all the allegations therein.

20. In answer to paragraph 20, Defendant admits all the allegations therein.

21. In answer to paragraph 21, Defendant is without sufficient knowledge and information to form a belief as to the truth contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. In answer to paragraph 22 of the Complaint, Defendant admits all the allegations therein.

23. In answer to paragraph 23 of the Complaint, Defendant admits all the allegations therein.

24. In answer to paragraph 24, Defendant is without sufficient knowledge and information to form a belief as to the truth contained in said paragraph, and on that basis denies each and every allegation contained therein.

25. In answer to paragraph 25, Defendant is without sufficient knowledge and information sufficient to form a belief as to the truth contained in said paragraph, and on that basis denies each and every allegation contained therein.

26. In answer to paragraph 26, Defendant will admit that Defendant claims that the alleged beneficiary change dated April 2, 2007 was not valid, however Defendant denies the remainder of the allegations contained therein.

27. In answer to paragraph 27, Defendant will admit it received a letter from PRINCIPAL LIFE discussing the alleged competing claims and indicating that if the parties could not settle the dispute surrounding the distribution of the life insurance proceeds from Policy No. 4346789, PRINCIPAL LIFE would move forward with an Interpleader action and would seek to recover its costs associated with said action; Defendant is without is without sufficient knowledge and information to form a belief as to the truth contained in the remainder of said paragraph, and on that basis denies those allegations contained therein.

28. In answer to paragraph 28, Defendant is without sufficient knowledge and information to form a belief as to the truth contained in said paragraph, and on that basis is unable to admit or deny the allegations contained therein.

29. In answer to paragraph 29, Defendant is without sufficient knowledge and information to form a belief as to the truth contained in said paragraph, and on that basis is unable to admit or deny the allegations contained therein.

30. In answer to paragraph 30, Defendant admits the allegations contained therein.

31. In answer to paragraph 31, Defendant will admit that by reason of the decedent's death, the life insurance proceeds under PRINCIPAL LIFE insurance policy number 4346789 are due and owing to this answering Defendant, Inocencio S. Ambe, and Corazon Ambe Cabales. Defendant will also admit that at the time of the insured's death the face amount was Fifty Thousand dollars and no cents ($50,000.00); Defendant is without sufficient knowledge, to form a belief as to the

DE VRIES LAW GROUP
ATTORNEYS AT LAW
SAN JUAN BAUTISTA

DEFENDANT VINA CUESTA STATUA'S ANSWER TO COMPLAINT IN INTERPLEADER FOR DECLARATORY RELIEF

1  truth contained in the remainder of the allegations of said paragraph, and on that
2  basis is unable to admit or deny said allegations.
3  32.   In answer to paragraph 32, Defendant, without admitting that Defendant
4  REED is entitled to any of the life insurance proceeds deposited with this Court,
5  admits all the allegations therein.
6  33a.   In answer to paragraph 33a, Defendant admits all the allegations therein
7  except that there was an alleged beneficiary change on April 2, 2007 to Defendant
8  REED which is denied.
9  33b.   In answer to paragraph 33b, Defendant admits all the allegations therein
10  except that there was an alleged beneficiary change on April 2, 2007 to Defendant
11  REED which is denied.
12  33c.   In answer to paragraph 33c, Defendant admits all the allegations therein
13  except that there was an alleged beneficiary change on April 2, 2007 to Defendant
14  REED which is denied.
15  33d.   In answer to paragraph 33d, Defendant is informed and believes that
16  Defendant REED may be claiming entitlement to the proceeds, however Defendant
17  denies that Defendant REED is a cousin of decedent Cuesta; Defendant denies that
18  Defendant REED is entitled to any of the life insurance proceeds under policy
19  number 4346789; and Defendant denies that the beneficiary was changed to
20  Defendant REED 6 days before decedent Cuesta died from cancer.
21  34.   In answer to paragraph 34, Defendant, without admitting that Defendant
22  REED is entitled to any of the proceeds deposited with this court, admits the
23  allegations therein.
24  35.   In answer to paragraph 35, Defendant, without admitting that Defendant
25  REED is entitled to any of the proceeds deposited with this Court or that there was a
26  change in beneficiary on April 2, 2007, admits the allegations therein.
27  36.   In answer to paragraph 36, Defendant will admit the allegations therein.
28  37.   In answer to paragraph 37, Defendant will admit that PRINCIPAL LIFE has

1 deposited with the Clerk of this Court a check totaling Fifty Seven Thousand Four
2 Hundred Thirty-Three Dollars and Fifty-Four cents ($57,433.54); Defendant is
3 without sufficient knowledge and information to form a belief as to the truth
4 contained in the remainder of said paragraph, and on that basis denies those
5 allegations.
6 38.   In answer to paragraph 38, Defendant admits all the allegations contained
7 therein except the allegations that PRINCIPAL LIFE's attorney's fees, costs and
8 disbursements are and should be a legal charge upon the proceeds of the life
9 insurance policy, number 4346789 and should be repaid to PRINCIPAL LIFE out of
10 the funds that it has deposited with the Clerk of this Court, which are denied
11 39.   In answer to paragraph 39, Defendant admits that this Defendant, Defendant
12 Ambe, and Defendant Cabales have claims to the life insurance proceeds, however
13 Defendant denies the remainder of allegations contained therein.
14 40.   In answer to paragraph 40, Defendant is without sufficient knowledge and
15 information to form a belief as to the truth contained in said paragraph, and on that
16 basis denies the allegations contained therein.
17 41.   In answer to paragraph 41, Defendant is without sufficient knowledge and
18 information to form a belief as to the truth contained in said paragraph, and on that
19 basis denies the allegations contained therein.
20 42.   In answer to paragraph 42, Defendant is without sufficient knowledge and
21 information to form a belief as to the truth contained in said paragraph, and on that
22 basis denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF

## DECLARATORY RELIEF

25 43.   In answer to paragraph 43, Defendant re-alleges and incorporates by
26 reference paragraphs 1 through 42 above as though fully set forth herein.
27 44a.   In answer to paragraph 44a, Defendant admits all the allegations therein
28 except that there was an alleged beneficiary change on April 2, 2007 to Defendant

1. REED which is denied.
2. 44b.  In answer to paragraph 44b, Defendant admits all the allegations therein except that there was an alleged beneficiary change on April 2, 2007 to Defendant REED which is denied.
3. 44c.  In answer to paragraph 44c, Defendant admits all the allegations therein except that there was an alleged beneficiary change on April 2, 2007 to Defendant REED which is denied.
4. 44d.  In answer to paragraph 44d, Defendant is informed and believes that Defendant REED may be claiming entitlement to the proceeds, however Defendant denies that Defendant REED is a cousin of decedent Cuesta; Defendant denies that Defendant REED is entitled to any of the life insurance proceeds under policy number 4346789; and Defendant denies that the beneficiary was changed to Defendant REED 6 days before decedent Cuesta died from cancer.
5. 45.  In answer to paragraph 45, Defendant is without sufficient knowledge and information to form a belief as to the truth contained in said paragraph, and on that basis denies the allegations contained therein.
6. 46.  In answer to paragraph 46, Defendant is without sufficient knowledge and information to form a belief as to the truth contained in said paragraph, and on that basis denies the allegations contained therein.
7. 47.  In answer to paragraph 47, Defendant is without sufficient knowledge and information to form a belief as to the truth contained in said paragraph, and on that basis denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant REED is barred from asserting any claim to the benefits from life insurance policy 4346789 by virtue of Defendant REED's unclean hands.

///
///

## SECOND AFFIRMATIVE DEFENSE

Defendant REED is barred from asserting any claim to the benefits from life insurance policy 4346789 by virtue of Defendant REED's fraud.

## THIRD AFFIRMATIVE DEFENSE

The Complaint and each cause of action thereof, is barred by the applicable statues of limitation.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action thereof, fails to state facts sufficient to constitute a cause of action, claim for relief, or damages against this answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

At the time of the incidents alleged in plaintiff's complaint, plaintiff failed to exercise reasonable or ordinary care such that the damages, attorneys' fees, or costs, allegedly sustained by plaintiff was proximately caused or contributed to by its own negligence.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has unreasonably delayed in bringing this action to the prejudice of this answering Defendant and is therefore barred from bringing this action by the Doctrine of Laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is at fault, through its own negligence or otherwise, in and about the matter referred to in the Complaint, and such fault on the part of plaintiff legally caused and contributed to the damages, attorneys' fees and/or costs, complained of, if any there are. This answering Defendant further alleges that any fault not attributable to plaintiff was a result of fault on the part of persons and/or entities other than this answering Defendant. Such fault bars and/or proportionately reduces any recovery by plaintiff against this answering Defendant.

//

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed and neglected to use reasonable care to minimize and mitigate the losses, damages, attorneys' fees or costs complained of, if any there are.

## NINTH AFFIRMATIVE DEFENSE

The complaint, and each cause of action thereof, is barred by virtue of plaintiffs' conduct in causing the damages alleged by plaintiffs under the Doctrine of Unclean Hands.

## TENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicated that they would be appropriate.

WHEREFORE, Defendant prays judgment, as follows:

1. That Defendant VINA CUESTA STATUA is entitled to recover 94% of the insurance policy, policy number 4346789, benefits currently deposited with the Clerk of this Court;

2. That Defendant INOCENCIO S. AMBE is entitled to recover 3% of the insurance policy, policy number 4346789, benefits currently deposited with the Clerk of this Court;

3. That Defendant CORAZON AMBE CABALES is entitled to recover 3% of the insurance policy, policy number 4346789, benefits currently deposited with the Clerk of this Court;

4. That Defendant REED has no right or interest in the benefits of insurance policy number 4346789 currently deposited with the Clerk of the Court;

5. That plaintiff's request for attorneys' fees and costs be summarily denied;

6. For Defendant's attorneys' fees and costs and expenses of suit incurred herein; and

7. For such other further relief as the court may deem just and proper.

DATED: Nov 29, 2007

DE VRIES LAW GROUP

By _____
MARC J. CARDINAL
Attorneys for Defendant
VINA CUESTA STATUA


DE VRIES LAW GROUP

# PROOF OF SERVICE

Case Name: *Principal Ins. Co. vs. Statua, et al.*

Action Number: C 07-04915 CW

I am a citizen of the United States of America. My business address is Post Office Box 996/53 Muckelemi Street, San Juan Bautista, California, 95045. I am employed in the County of San Benito where this service occurs. I am over the age of 18 years, and not a party to this litigation. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT VINA CUESTA STATUA'S ANSWER TO COMPLAINT IN INTERPLEADER FOR**

**DECLARATORY RELIEF**

The above described documents were served on the following interested parties in the manner set forth below, or on the attached service list.

Corazon Ambe Cabales
14323 Merced Street
San Leandro, CA 94579

☐ **BY FAX:** By transmitting via facsimile the document(s) listed above to the facsimile number(s) set forth below, or as stated in the attached service list, on this date before 4:00 p.m.

☑ **BY MAIL:** I caused such envelope(s) with affixed prepaid postage to be placed in the United States mail in San Juan Bautista, California.

☐ **BY PERSONAL SERVICES:** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ **BY OVERNIGHT DELIVERY:** I caused such envelopes to be delivered to an overnight delivery service with all fees paid in advance, addressed to the person(s) on whom it was to be served.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and this proof of service was executed this 29th   day of November, and 2007   at San Juan Bautista, California.

Sandy Mullen