1  Montie S. Day, Attorney   (Cal Bar No. 73327)
   Laura R. Spease, Attorney (Cal Bar No.  78273)
2  LAW OFFICES OF LAURA R. SPEASE
   7700 Edgewater Drive, Suite 147
3  Oakland, California 94621
       Spease-Tel:   (510) 569-8558
4      Day-Tel:   (208) 280-3766

5  Montie S. Day, Attorney   (Cal Bar No. 73327)
   DAY LAW OFFICES
6  P. O. Box 1045
   Shoshone, Idaho 83352
7      Tel:  (208) 280-3766

8        Attorneys for Estela D. Reed

9

10

11                  UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13
   PRINCIPAL LIFE INSURANCE          )
14 COMPANY,                          )
                                     )  Case No.   C-07-4915 CW
15        Plaintiff,                 )
                                     )
16 vs.                              )
                                     )
17 VINA CUESTA STATUA, INOCENCIO     )
   S. AMBE, CORAZON AMBE             )
18 CABALES, ESTELA D. REED, and      )    ESTELA D. REED'S
   DOES 1-10,                        )    ANSWER TO COMPLAINT
19                                   )
          Defendants.                )
20 _____   )          AND
                                     )
21 ESTELA D. REED,                   )
                                     )    CROSS-CLAIM OF ESTELA
22        Cross-complainant,         )     D. . REED
   vs.                              )
23                                   )
   VINA CUESTA STATUA, INOCENCIO     )
24 S. AMBE, and CORAZON AMBE         )
   CABALES,                          )
25                                   )
          Cross-defendants.          )
26 _____   )

27

28

   _____
   ANSWER TO COMPLAINT AND CROSS-CLAIM BY REED

1    COMES NOW ESTELA D. REED (hereafter referred to as "Defendant" or

2  "REED"), and answers the complaint filed as follows:

3    <u>Jurisdiction and Venue</u>

4    1.  In answer to Paragraph 1 of the Complaint filed herein, defendant REED admits

5  that the allegations of Paragraph 1, and thus subject matter jurisdiction is with this Court.

6    2.  In answer to Paragraph 2 of the Complaint filed herein, defendant REED admits

7  that the allegations of Paragraph 2, and thus subject matter jurisdiction and sufficient

8  diversity.

9    3.  In answer to Paragraph 3 of the Complaint filed herein, defendant REED admits

10  the allegations of Paragraph 3.

11    4.  In answer to Paragraph 4 of the Complaint filed herein, defendant REED admits

12  the allegations of Paragraph 4.

13    5. In answer to Paragraph 5 of the Complaint filed herein, defendant REED admits

14  the allegations of Paragraph 5.

15    6.  In answer to Paragraph 6 of the Complaint filed herein, defendant REED admits

16  the allegations of Paragraph 6.

17    7.  In answer to Paragraph 7 of the Complaint filed herein, defendant REED admits

18  the allegations of Paragraph 7, except that REED states that she is and has been referred to

19  by the deceased as her cousin and has been known as her cousin but is not related by blood.

20    8.   In answer to Paragraph 8 of the Complaint filed herein, defendant REED admits

21  the allegations of Paragraph 8.

22    9.   In answer to Paragraph 9 of the Complaint filed herein, defendant REED admits

23  the allegations of Paragraph 9.

24    10. In answer to Paragraph 10 of the Complaint filed herein, defendant REED admits

25  the allegations of Paragraph 10.

26    11.   In answer to Paragraph 11 of the Complaint filed herein, defendant REED is

27  without knowledge or information sufficient to form a belief as to the truth of the allegations

28

_____

and therefore denies such allegations contained therein.

FIRST CLAIM FOR RELIEF

INTERPLEADER

12.          In answer to Paragraph 12 of the Complaint filed herein, defendant REED  incorporates by reference the responses contained in paragraphs 1 through 11 supra, as if fully set forth at length.

13.    In answer to Paragraph 13 of the Complaint filed herein, defendant REED admits the allegations of Paragraph 13.

14.    In answer to Paragraph 14 of the Complaint filed herein, defendant REED is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations contained therein.

15.    In answer to Paragraph 15 of the Complaint filed herein, defendant REED is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations contained therein.

16.     In answer to Paragraph 16 of the Complaint filed herein, defendant REED is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations contained therein.

17.   In answer to Paragraph 17 of the Complaint filed herein, defendant REED is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations contained therein.

18.   In answer to Paragraph 18 of the Complaint filed herein, defendant REED admits that on April 2, 2007 decedent Cuesta executed a change of beneficiary form changing to and designating ESTELA D. REED, as her cousin, 100% beneficial interest in the contract of insurance.

19.     In answer to Paragraph 19 of the Complaint filed herein, defendant REED admits the allegations of Paragraph 19.

20.     In answer to Paragraph 20 of the Complaint filed herein, defendant REED

1   admits the allegations of Paragraph 20.

2       21.    In answer to Paragraph 21 of the Complaint filed herein, defendant REED

3   is without knowledge or information sufficient to form a belief as to the truth of the

4   allegations and therefore denies such allegations contained therein, except that defendant

5   REED specifically denies the allegation that PRINCIPAL LIFE did not receive the change

6   of beneficiary form dated April 2, 2007 until May 3, 2007 or thereafter.   Except as

7   specifically admitted, each and every other allegation is denied.    Defendant REED

8   specifically alleges that PRINCIPAL LIFE did, in fact, receive the change of beneficiary

9   designation on April 4, 2007, before the death of Cuesta..

10      22.   In answer to Paragraph 22 of the Complaint filed herein, defendant REED

11  is without knowledge or information sufficient to form a belief as to the truth of the

12  allegations and therefore denies such allegations contained therein.

13      23.   In answer to Paragraph 23 of the Complaint filed herein, defendant REED is

14  without knowledge or information sufficient to form a belief as to the truth of the  allegations

15  and therefore denies each and every allegation.

16      24.   In answer to Paragraph 24 of the Complaint filed herein, defendant REED admits

17  the allegations of Paragraph 24.

18      25.   In answer to Paragraph 25 of the Complaint filed herein, defendant REED admits

19  the allegations of Paragraph 25.

20      26.    In answer to Paragraph 26 of the Complaint filed herein, defendant REED is

21  without knowledge or information sufficient to form a belief as to the truth of the  allegations

22  and therefore denies each and every allegation.

23      27.    In answer to Paragraph 27 of the Complaint filed herein, defendant REED is

24  without knowledge or information sufficient to form a belief as to the truth of the allegations

25  and therefore denies each and every allegation.

26      28.   In answer to Paragraph 28 of the Complaint filed herein, defendant REED is

27  without knowledge or information sufficient to form a belief as to the truth of the allegations

28

_____

1   and therefore denies each and every allegation.

2       29.  In answer to Paragraph 29 of the Complaint filed herein, defendant REED is

3   without knowledge or information sufficient to form a belief as to the truth of the allegations

4   and therefore denies each and every allegation.

5       30.  In answer to Paragraph 30 of the Complaint filed herein, defendant REED is

6   without knowledge or information sufficient to form a belief as to the truth of the allegations

7   and therefore denies each and every allegation.

8       31.  In answer to Paragraph 31 of the Complaint filed herein, defendant REED admits

9   the allegations of Paragraph 31.

10      32.    In answer to Paragraph 32 of the Complaint filed herein, defendant REED

11  admits that there is a controversy relating to the potential claims relating to the proceeds from

12  the insurance policy, and that defendant REED claims and is entitled to 100% interest in

13  such proceeds.  Except as admitted, defendant REED is without knowledge or information

14  sufficient to form a belief as to the truth of the remaining allegations and therefore denies

15  each and every remaining allegation.

16      33.  In answer to Paragraph 33 of the Complaint filed herein, defendant REED is

17  without knowledge or information sufficient to form a belief as to the truth of the allegations

18  and therefore denies each and every allegation, except that defendant REED admits that she

19  claims and is the 100% designated beneficiary of the policy at the date of the death of the

20  insured as alleged in Paragraph 33(d) and thus claims entitlement to the 100% interest in the

21  proceeds from such policy.

22      34.  In answer to Paragraph 34 of the Complaint filed herein, defendant REED admits

23  the allegations of Paragraph 34.

24      35.  In answer to Paragraph 35 of the Complaint filed herein, defendant REED admits

25  the allegations of Paragraph 35.

26      36.  In answer to Paragraph 36 of the Complaint filed herein, defendant REED admits

27  the allegations of Paragraph 36.

28
_____

1    37. In answer to Paragraph 37 of the Complaint filed herein, defendant REED admits
2    the allegations of Paragraph 37.

3    38.  In answer to Paragraph 38 of the Complaint filed herein, defendant REED is
4    without knowledge or information sufficient to form a belief as to the truth of the allegations
5    and therefore denies each and every allegation, except that defendant REED denies that the
6    plaintiff is entitled to any and all attorney fees and costs incurred in connection with the
7    filing of the instant action, but only to the reasonable attorney fees and costs necessarily
8    incurred in the instant action.

9    39.  In answer to Paragraph 39 of the Complaint filed herein, defendant REED is
10   without knowledge or information sufficient to form a belief as to the truth of the allegations
11   and therefore denies each and every allegation.

12   40.  In answer to Paragraph 40 of the Complaint filed herein, defendant REED is
13   without knowledge or information sufficient to form a belief as to the truth of the allegations
14   and therefore denies each and every allegation, except REED admits that the respective
15   parties should be required to assert their respective claims in the instant action with respect
16   to the claims to the life insurance policy insurance.

17   41.  In answer to Paragraph 41 of the Complaint filed herein, defendant REED admits
18   the allegations of Paragraph 41.

19   42.  In answer to Paragraph 42 of the Complaint filed herein, defendant REED admits
20   the allegations of Paragraph 42.

21                              SECOND CAUSE OF ACTION
22                              DECLARATORY RELIEF

23   43. In answer to Paragraph 43 of the Complaint filed herein, defendant REED
24   incorporates by reference the responses contained in paragraphs 1 through 42 supra, as if
25   fully set forth at length.

26   44.  In answer to Paragraph 44 of the Complaint filed herein, defendant REED admits
27   the allegations of Paragraph 44.

28

_____

1    45.  In answer to Paragraph 45 of the Complaint filed herein, defendant REED admits

2    the allegations of Paragraph 45.

3    46.  In answer to Paragraph 46 of the Complaint filed herein, defendant REED admits

4    the allegations of Paragraph 46.

5    47.  In answer to Paragraph 47 of the Complaint filed herein, defendant REED admits

6    the allegations of Paragraph 47.

7    WHEREFORE, having replied and answered the allegations of the plaintiff, defendant

8    REED prays judgment as follows:

9    1.    That the Plaintiff  be discharged of any and all obligations to the named

10   defendants with respect to the payment of the proceeds of the life insurance policy, condition

11   upon the deposit with the Clerk of the Court of the total proceeds of the life insurance policy;

12   2.   That the defendants be required to assert their claims in the instant action, if any

13   they have, to the interpled proceeds of the life insurance policy;

14   3.   That the defendant ESTELA D. REED be declared the sole and rightful owner of

15   100% of the proceeds of the life insurance policy and the funds on deposit with this Court;

16   4.   That the defendant ESTELA D. REED be awarded her costs and attorney fees as

17   may be allowed by law as and against the named co-defendants herein;

18   5.   That the defendant ESTELA D. REED be granted other and further relief as the

19   Court deems just and proper.

20   WHEREFORE, having replied and answered the allegations of the plaintiff, ESTELA

21   D. REED, as a Cross-Claimant, states her Cross-Claim as follows:

22                              **CROSS-CLAIM**

23   COMES NOW ESTELA D. REED (hereafter referred to as "Cross-Claimant" or

24   "REED"), and complains against VINA CUESTA STATUA, INOCENCIO

25   S. AMBE, and CORAZON AMBE CABALES, and alleges:

26   1.   PRINCIPAL LIFE INSURANCE COMPANY ("PRINCIPAL LIFE"), as an insurer,

27   issued a life insurance policy on the life of Natividad A. Cuesta ("insured", "decedent" or "Cuesta")

28

_____

ANSWER TO COMPLAINT AND CROSS-CLAIM BY REED                                    - 7 -

1    which was original1y insured under an adjustable life insurance policy, number 4346789, issued on

2    December 17, 1993 for $50,000.00 underwritten by PRINCIPAL LIFE (hereafter referred to as the

3    "contract").  The contract of insurance was between Cuesta and PRINCIPAL LIFE, and pursuant

4    to the terms of the contract, Cuesta, in consideration for the premium paid and other valuable

5    consideration, received the benefit of the exclusive right to designate the beneficiary under the

6    contract upon her death by completing and providing the insurer PRINCIPAL LIFE a designation

7    of beneficiary such that, upon her death, the payments of the proceeds of the insurance was to be paid

8    directly by PRINCIPAL LIFE to the last designated beneficiary under the contract.

9        2.    On April 8, 2007, decedent Cuesta died from cancer.

10        3.    As of the date of death and prior to her death, and specifically on April 2, 2007,

11    decedent Cuesta, being of sound mine and acting of free choice and consistent with her

12    contractual rights pursuant to the December 17, 1993 contract with PRINCIPAL LIFE,

13    executed a valid designation of beneficiary under the terms of the life insurance policy,

14    whereby REED was duly designated 100% beneficiary holder of the life issuance.  At the

15    time of Cuesta's death on April 8, 2007, REED was, and is, entitled to 100% of the proceeds

16    from the life insurance policy.  A true copy of the beneficiary designation duly and validly

17    executed by Cuesta as furnished to PRINCIPAL LIFE and/or its designated agent is attached

18    hereto as **Exhibit** A.

19        4.    PRINCIPAL LIFE has been presented multiple claims for the proceeds, and on

20    September 21, 2007, deposited the proceeds of the life insurance policy with the Clerk of the

21    United States District Court for the Northern District of California, and file the instant

22    interpleader action with respect to such proceeds.

23        5.    REED is informed and believes that Cross-defendants, and each of them, has

24    presented and claimed an interest in the life insurance proceeds.

25        6.    REED is informed and believes, and thereupon alleges, that she is the sole and

26    100% owner of the interpled funds and the proceeds of the life insurance policy, as

27    represented by the final and last designation of beneficiary executed by the deceased Cuesta,

28

_____

1   a copy of which is attached hereto as Exhibit A.   Accordingly, REED is the owner of any

2   and all rights and entitlement to such funds on deposit with the Court representing the

3   proceeds from the life insurance policy, and REED's claim is superior to the Cross-

4   defendants and to the exclusion of Cross-defendants, and each of them.

5          7.    As to any claim of any beneficial interest in the proceeds of the life insurance

6   policy and as to the cross-defendants herein, REED is the sole and exclusive beneficiary of

7   the life insurance contract as designated by Cuesta under the December 17, 1993 contract,

8   without regard to any subsequent legislative statues of the State of California in that such

9   was a "contract" right held by Cuesta, and any subsequent legislative statutes which alters

10  or infringes upon such contract right is void with respect to the instant September 17, 1993

11  contract in that:

12         A.    The contract right held by Cuesta to change contractually the designated

13  beneficiary was an essential terms of the contract which was established on December 17,

14  1993, and any statue which made by the State of California which impinges upon, infringes

15  upon, or interferes with such constitutional protected contract right passed after September

16  17, 1993 is an "ex post facto law" which is invalid and unconstitutional pursuant to the

17  *California Constitution, Article 1, Section 9* and the *United States Constitution, Article 1,*

18  *Section 10, Clause 1*.

19         B.   The right to contract by Cuesta in making the 1993 contract is an inalienable right

20  in acquiring, possessing and securing property, and is a private right which is guaranteed by

21  the *California Constitution, Article 1, Section 1.*   In addition thereto, any statute of the State

22  of California which deprives her of this contract right and property right is void and

23  unconstitutional by virtue of the California Constitution, Article 1, Section 7, and the *Fifth*,

24   the *Ninth* and the *Fourteenth Amendment of the United States Constitution*.

25         C.   Any statute passed by the State of California which tends to deny Cuesta, being

26  of sound mind, the contractual right to designate the beneficiary under the December 17,

27  1993 policy based upon any physical disability requiring the need of any care or assistance,

28

_____

1  if any, for physical needs and special requirements of care is patently and unconstitutionally

2  void in that such statute would deny her as a citizen the equal protection of the law based

3  upon her physical disability.   Any statute which imposes any additional burden upon the

4  citizens, such as Cuesta, based upon any physical disability is unconstitutional and void as

5  denying such citizens the equal protection of the law, and is void by virtue of the *Section 1*

6  *of the Fourteenth Amendment to the United States Constitution*.

7         D.   Any statute passed by the State of California which tends to burden, infirnge

8  upon, or tends to deny REED the contractual right to the benefits of the insurance policy is

9  unconstitutional and constitutes   a violation of the *Fifth*, the *Ninth* and *Fourteenth*

10  *Amendment of the United States Constitution*.

11         WHEREFORE, Cross-Claimant prays judgment as follows:

12         1.   That Cross-Claimant ESTALA D. REED be awarded the entire sum of funds now

13  on deposit with the Clerk of the Court representing the net proceeds of the life insurance

14  policy;

15         2.   That Cross-Claimant ESTELA D. REED be awarded her costs and attorney fees

16  as allowed by law;

17         3.   That the Cross-defendants, and each of them, take nothing; and

18         4.   That Cross-Claimant be awarded such other and further relief as may be

19  appropriate and just.

20  Date: December 3, 2007                    DAY LAW OFFICES and
                                             LAW OFFICES OF LAURA R. SPEASE
21
                                                  /s/ Montie S. Day
22                                           BY:_____
                                                  Montie S. Day, Attorney for
23                                                Estela D. Reed

24

25

26

27

28

_____
ANSWER TO COMPLAINT AND CROSS-CLAIM BY REED                                    - 10 -

1          Certificate of Service

2          I, Montie S. Day, state that the following described documents were served on the

3    below listed parties and/or attorney in the manner set forth below:

4    Documents Served:   ANSWER TO COMPLAINT BY ESTELA D. REED and CR0SS-
     CLAIM BY ESTELA D. REED
5
     by serving electronically the following automatically upon filing by ECF procedures
6
7          **Michael K. Brisbin**
           michael.brisbin@wilsonelser.com,joya.yeung@wilsonelser.com
8
           **Adrienne Clare Publicover**
9          Adrienne.Publicover@WilsonElser.com,Nancy.Li@WilsonElser.com,Charan.Higbee@Wilson
              Elser.com
10
           **Montie S. Day**
11             Oyad@aol.com

12         **Daniel J. DeVries**
               DJDV@DeVriesLawGroup.com,jma@devrieslawgroup.com,cbj@devrieslawgroup.com
13
     and by serving the following parties who may have an interest in the pending motion by
14   mailing such notice addressed as follows (if not served electronically as above):

15   Corazon Ambe Cabales
     14323 Merced Street
16   San Leandro, CA   94579
     Defendant
17

18   I declare under the penalties of perjury that the foregoing is true and correct, and that I have
      executed this certificate on December 3, 2007 at Williams, California 95987.
19
                                    /s/ Montie S. Day
20
21                                  _____
                                    Montie S. Day, Attorney
22

23

24

25

26

27

28

_____