ADRIENNE C. PUBLICOVER (SBN 161432)
MICHAEL K. BRISBIN (SBN 169495)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN& DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA  94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Plaintiff
**PRINCIPAL LIFE INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> VINA CUESTA STATUA, INOCENCIO S. AMBE, CORAZON AMBE CABALES, ESTELA D. REED, and DOES 1-10, <br><br> Defendants. | **Case No. C07-04915 (CW)** <br><br> **DECLARATION OF MICHAEL BRISBIN IN SUPPORT OF PLAINTIFF PRINCIPAL LIFE INSURANCE COMPANY'S REQUEST TO ENTER THE DEFAULT OF DEFENDANT CORAZON AMBE CABALES** <br><br> [F.R.C.P. 55(a)] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION:**

**<u>DECLARATION OF MICHAEL K. BRISBIN</u>**

I, Michael Brisbin, state and declare, under penalty of perjury under the laws of the State of California, as follows:

  1.   I am an attorney at the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys of record for plaintiff PRINCIPAL LIFE INSURANCE COMPANY ("PRINCIPAL LIFE").  I am licensed to practice in all of the Courts in the State of California and was admitted to practice before this Court on November 16, 2001.

/ / /

2.    I am fully competent to make this declaration and I have personal knowledge of the facts stated herein and if called to testify could and would testify to the following facts.

3.    On September 21, 2007 I caused Plaintiff PRINCIPAL LIFE to file its Complaint in Interpleader and for Declaratory Relief against Defendants VINA CUESTA STATUA, INOCENCIO S. AMBE, CORZAON AMBE CABALES, ESTELA D. REED, and DOES 1-10.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

4.    I also caused all other required Court documents to be filed on September 21, 2007.

5.    On October 4, 2007, I, as counsel for PRINCIPAL LIFE, caused to be served upon each of the Defendants listed in Paragraph 1, the Complaint, Notice of Lawsuit, Waiver of Service of Summons, Notice of Assignment, Summons, Notice of Deposit, Notice of Interested Parties, Clerk's receipt for interpled monies, and all other Court issued documents.  The Proof of Service also filed on October 4, 2007 is attached as **Exhibit B**, as is a letter sent to Defendant CABALES on October 4, 2007, regarding her obligations.

6.    After serving the documents listed in paragraph 4 on Defendant CORAZON CABALES, neither my office nor me received any returned documents due to a wrong address, documents undeliverable, moved, does not reside here, or for any other reason.

5.    I caused the documents to be served upon CORAZON CABALES at an address she provided to PRINCIPAL LIFE on her Beneficiary's Statement.  Attached, as **Exhibit C**, is a true and correct copy of the Beneficiary Statement provided by Defendant CORAZON CABALES listing her address as 14323 Merced Street, San Leandro, California; the address listed on the filed Proof of Service.

6.    The Waiver of Service of Summons stated each defendant must file a responsive pleading within 60 days after the date of service of October 4, 2007.

7.    The 60th day following completion of service was Monday, December 3, 2007.

8.    Defendant CABALES did not return the waiver of service of summons, file a responsive pleading, or make an appearance on or before December 3, 2007.

/ / /

---

Decl. of M. Brisbin in Support of Plt. Principal Life's Request to Enter Default of Defendant Corazon Cabales
Case No.:  C07-04915 (CW)
319946.1

2

1       9    As of January 11, 2008 Defendant CABALES still has failed to file a responsive

2   pleading, seek an extension, request a dismissal, or make an appearance with the Court,

3   indicating her intent to participate in this litigation.

4       10.    Thus, Defendant CABALES has failed to plead or otherwise respond to Plaintiff

5   PRINCIPAL LIFE'S Complaint filed on September 21, 2007.

6       11.    The applicable time limit for Defendant CORAZON CABALES to file a

7   responsive pleading has expired.

8       12.    Defendant CORAZON CABALES is not an infant, as her date of birth is

9   December 10, 1946 (*See* **Exhibit C**), she is not incompetent, and not in the military service.

10

11   Date: January 11, 2008        WILSON, ELSER, MOSKOWITZ, EDELMAN &

12                       DICKER LLP

13

                 By:_____

14                       Adrienne C. Publicover

15                       Michael K. Brisbin
                    Attorneys for Plaintiff

16                       **PRINCIPAL LIFE INSURANCE COMPANY**

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of M. Brisbin in Support of Plt. Principal Life's Request to Enter Default of Defendant
Corazon Cabales
Case No.:  C07-04915 (CW)
319946.1
    3

# EXHIBIT A



1   ADRIENNE C. PUBLICOVER (SBN 161432)
2   MICHAEL K. BRISBIN (SBN 169495)
    WILSON, ELSER, MOSKOWITZ,
3       EDELMAN& DICKER LLP
    525 Market Street, 17th Floor
    San Francisco, CA 94105
4   Telephone:    (415) 433-0990
    Facsimile:    (415) 434-1370
5
    Attorneys for Plaintiff
6   **PRINCIPAL LIFE INSURANCE COMPANY**
7
8
9               UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA
11
12  PRINCIPAL LIFE INSURANCE          ) **Case No.** 07    4915
    COMPANY,                          )
13                                    ) **PLAINTIFF PRINCIPAL LIFE**
                Plaintiff,            ) **INSURANCE COMPANY'S COMPLAINT**
14                                    ) **IN INTERPLEADER FOR**
        v.                            ) **DECLARATORY RELIEF**
15                                    )
    VINA CUESTA STATUA, INOCENCIO S.  )
16  AMBE, CORAZON AMBE CABALES,       )
    ESTELA D. REED, and DOES 1-10,    )
17                                    )
                Defendants.           )
18                                    )
                                      )
19  _____  )

20          Plaintiff, PRINCIPAL LIFE INSURANCE COMPANY (hereinafter referred to as

21  "PRINCIPAL LIFE"), by its attorneys, the law firm of WILSON, ELSER, MOSKOWITZ,

22  EDELMAN & DICKER, LLP, hereby submits its Complaint in Interpleader and Declaratory

23  Relief as follows:

24                      **JURISDICTION AND VENUE**

25          1.      This Interpleader action is brought pursuant to the Federal Interpleader Statute,

26  U.S.C.A. Sections 1335, 1397 and 2361.  U.S.C.A. Section 1335 requires subject matter

27  jurisdiction which is satisfied if the stake at issue is worth $500 or more, and if the citizenship of

28  only one of the claimants is diverse from that of any other claimant (not including the

    Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory
    Relief
    USDC NDCA Case No:
    294011.1

1   stakeholder).   For the reasons set forth below these requirements are satisfied and the Federal

2   Interpleader Statute is properly invoked.

3       2.    The Federal Interpleader Statute requires subject matter jurisdiction through either

4   federal question or diversity.   Here, diversity jurisdiction exists pursuant to 28 U.S.C.A. 1335.

5       3.    Plaintiff PRINCIPAL LIFE is a citizen of Iowa as a corporation duly organized

6   and existing under the laws of the State of Iowa with its principal place of business located in

7   Des Moines, Iowa.   At all times relevant herein, PRINCIPAL LIFE is and was authorized to

8   conduct business throughout the State of California as a life insurer and conducts business in the

9   Northern District of California.

10       4.    PRINCIPAL LIFE is informed and believes that Defendant VINA CUESTA

11   STATUA is the daughter of decedent Natividad A. Cuesta and a resident and citizen of

12   California.

13       5.    PRINCIPAL LIFE is informed and believes that Defendant INOCENCIO S.

14   AMBE is the brother of decedent Natividad A. Cuesta and a resident and citizen of the

15   Philippines.

16       6.    PRINCIPAL LIFE is informed and believes that Defendant CORAZON AMBE

17   CABALES is the cousin of decedent Natividad A. Cuesta and a resident and citizen of

18   California.

19       7.    PRINCIPAL LIFE is informed and believes that Defendant ESTELA D. REED is

20   a cousin of decedent Natividad A. Cuesta and is a resident and citizen of California.

21       8.    PRINCIPAL LIFE is informed and believes the amount in controversy exceeds

22   $500.00, as the life insurance policy at issue has an uncontested face value of $50,000.00, and a

23   net death benefit totaling $57,433.54 which is due and owing by reason of the death of the

24   insured, Natividad A. Cuesta.   Thus, there is subject matter jurisdiction pursuant to U.S.C.A.

25   Section 1335.

26       9.    PRINCIPAL LIFE is informed and believes that according to 28 U.S.C.A. 1397

27   venue is proper in any judicial district in which one of the claimants resides.   Therefore, the

28   United States District Court, Northern District is a proper venue because two of the claimants

1  (ESTELA REED and CORAZON CABALES) reside in Alameda and San Leandro, California,

2  respectively.

3      10.    PRINCIPAL LIFE is informed and believes that pursuant to 28 U.S.C.A Section

4  2361 provides for substantially expanded personal jurisdiction over the claimants.  Thus, the

5  claimants will subject to the District Court's jurisdiction once service is completed.

6      11.    PRINCIPAL LIFE is ignorant of the true names and capacities of the Defendants,

7  sued herein as Does 1-10, and for those reasons, sue those Defendants by fictitious names.

8  PRINCIPAL LIFE is informed and believes, and thereon alleges, that each of the fictitiously

9  named Defendants claims some right, title or interest in or to the proceeds of the life insurance

10  policy which is the subject of this complaint.  When PRINCIPAL LIFE ascertains the true names

11  and capacities of the fictitiously named Defendants, it will amend this Complaint by inserting the

12  same herein.

**FIRST CLAIM FOR RELIEF**

**INTERPLEADER**

15      12.    PRINCIPAL LIFE re-alleges and incorporates by reference paragraphs 1 through

16  11 above as though fully set forth herein.

17      13.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, that

18  Natividad A. Cuesta ("insured", "decedent" or "Cuesta") was originally insured under an

19  adjustable life insurance policy, number 4346789, issued on December 17, 1993 for $50,000.00

20  underwritten by PRINCIPAL LIFE INSURANCE COMPANY ("PRINCIPAL LIFE").

21      14.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, the

22  application reads that her original beneficiaries were her daughter Jocelyn Ambe Cuesta, and

23  brother, INOCENCIO S. AMBE, each to equally share the policy benefits.

24      15.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, that on

25  September 10, 1997, decedent Cuesta changed her beneficiary designation to the following:

26  Jocelyn A. Cuesta – Siu, daughter; INOCENCIO AMBE, brother; Vina A. Shrigley, daughter; all

27  to share the life insurance benefit equally.  She also named her grand daughter, Deneka Taylor-

28  Siu, as a contingent beneficiary.

16.     PRINCPAL LIFE is informed and believes, and on that basis alleges that on July 1, 1999, decedent Cuesta submitted a further change of beneficiary benefit instructions, changing her beneficiaries to the following:  VINA AMBE CUESTA, daughter 50%; Jocelyn C. Siu, daughter 25% and Deneka C. Siu, granddaughter 25%.

17.     PRINCIPAL LIFE is informed and believes, and on that basis alleges the beneficiary designation remained as set forth in paragraph 16 until December 20, 2006 when decedent Cuesta change the beneficiaries to the following designations:  VINA CUESTA STATUA, daughter, 94%; INOCENCIO AMBE, brother, 3%; and CORAZON CABALES, cousin, 3%.

18.     PRINCIPAL LIFE is informed and believes, and on that basis alleges that on April 2, 2007 decedent Cuesta allegedly executed a change of beneficiary form again changing the designations set forth in paragraph 17 to ESTELA D. REED, cousin, 100%.

19.     PRINCIPAL LIFE is informed and believes, and on that basis alleges that on April 8, 2007, decedent Cuesta died from cancer.

20.     PRINCIPAL LIFE is informed and believes, and on that basis alleges, that decedent Cuesta was insured under life insurance policy number 4346789 when she died on April 8, 2007.

21.     PRINCIPAL LIFE is informed and believes, and on that basis alleges, it did not receive a copy of the change in beneficiary form dated April 2, 2007, until May 3, 2007.  Said form was sent to PRINCIPAL LIFE by Senior Agent Eddie M. Biala after he tried to clarify the designations with decedent Cuesta before her death.  Mr. Biala's attempted clarification emanated from his prior conversation with decedent Cuesta who at the time stated she wanted her cousin, Estela Reed, and her daughter, Vina Cuesta Statua, to share the life insurance proceeds.

22.     PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 3, 2007, it received a claim for the life insurance proceeds at issue from Defendant VINA CUESTA STATUA.

23.     PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 3,

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory Relief
USDC NDCA Case No:
294011.1

4

1  2007, it received a claim for the life insurance proceeds at issue from Defendant CORAZON

2  CABALES.

3       24.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 5,

4  2007 it received a letter from Kenneth E. Mitchell of Mitchell, Courts & Levin LLP, counsel for

5  ESTELA D. REED.  The letter stated Defendant REED was submitting a beneficiary's

6  statement, a copy of the certified death certificate, and a copy of the beneficiary change form

7  executed on April 2, 2007.

8       25.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 5,

9  2007, it received a claim for the life insurance proceeds at issue from Defendant ESTELA

10  REED.

11       26.    PRINCIPAL LIFE is informed and believes and on that basis alleges that, on or

12  after May 5, 2007, Defendant VINA CUESTA STATUA alleged the beneficiary change dated

13  April 2, 2007 was not valid.  This contention placed PRINCIPAL LIFE on notice that a serious

14  dispute existed between at least two parties regarding the disbursement of the life insurance

15  proceeds.

16       27.    On May 11, 2007, PRINCIPAL LIFE sent to counsel for Defendant REED and

17  counsel for Defendant VINA CUESTA STATUA a letter discussing the competing claims and

18  indicating that if the parties could not settle the dispute surrounding the distribution of the life

19  insurance proceeds from Policy No. 4346789, PRINCIPAL LIFE would move forward with an

20  Interpleader action and seek to recover its costs associated with said action.

21       28.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 29,

22  2007, it received a claim for the life insurance proceeds at issue from Defendant INOCENCIO S.

23  AMBE.

24       29.    On June 11, 2007 PRINCIPAL LIFE sent to Defendant INOCENCIO AMBE

25  correspondence regarding his claim for the life insurance proceeds indicating they were still

26  awaiting information from other parties before distributing the monies.

27       30.    PRINCIPAL LIFE is informed and believes and on that basis alleges, the

28  Defendants have never communicated resolution of the issue surrounding the distribution of life

1   insurance proceeds from policy number 4346789.

2       31.    By reason of the decedent's death, the life insurance proceeds under PRINCIPAL

3   LIFE insurance policy number 4346789 are due and owing.  At the time of the insured's death,

4   the face amount was Fifty Thousand dollars and no cents ($50,000.00) and the net benefit due is

5   Fifty Seven Thousand Four Hundred Thirty three dollars and Fifty four cents ($57,433.54).

6       32.    PRINCIPAL LIFE at all times mentioned in this Complaint has been, and is

7   ready, willing, and able, to pay the life insurance proceeds under policy number 4346789 to the

8   person or persons legally entitled thereto.  However, PRINCIPAL LIFE is informed and

9   believes, and on that basis alleges, that there are actual and/or potential conflicting claims

10  relating to the life insurance proceeds.

11      33.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, that

12  Defendants and each of them, are persons known to PRINCIPAL LIFE to be, or who may be,

13  asserting some right, title, or interest in or to all of a portion of the proceeds of the life insurance

14  policy which is the subject of this Complaint, and that there may be conflicting potential

15  demands upon PRINCIPAL LIFE, specifically:

16          a.  PRINCIPAL LIFE is informed and believes, and on that basis alleges that

17              Defendant VINA CUESTA STATUA, as the daughter of decedent Cuesta, is

18              claiming entitlement to the proceeds of the life insurance policy, number

19              4346789, as a named primary beneficiary before the alleged beneficiary change

20              on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named

21              primary beneficiary as far back as 1999.

22          b.  PRINCIPAL LIFE is informed and believes, and on that basis alleges that

23              Defendant CORAZON AMBE CABALES, as the cousin of decedent Cuesta, is

24              claiming entitlement to the proceeds of the life insurance policy, number

25              4346789, as a named primary beneficiary before the alleged beneficiary change

26              on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named

27              primary beneficiary since December 2006.

28

c.  PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant INOCENCIO S. AMBE, as the brother of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been named a primary beneficiary since 1993.

d.  PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant ESTELA D. REED, cousin to decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as the new primary beneficiary which change occurred 6 days before decedent Cuesta died from cancer.

34.  By reason of the actual and potential conflicting claims to the life insurance proceeds, PRINCIPAL LIFE does not know and cannot determine the person or persons legally entitled to payment.

35.  PRINCIPAL LIFE is unable to determine with certainty the validity of the conflicting demands that are or may be made by Defendants herein as described above, and cannot determine whom to pay in light of the actual and potential competing claims of the decedent's alleged change in beneficiary on April 2, 2007, prior beneficiary change in December 2006, the claim of decedent's daughter, her brother, or her cousins.  Additionally, PRINCIPAL LIFE may be exposed to multiple claims or liability should it make payment of any, or all, of the balance of the benefits to an individual not entitled to the benefits.

36.  PRINCIPAL LIFE claims no interest in the balance of the life insurance proceeds, or any part thereof, other than as a mere stakeholder of those proceeds, and as a result of the actual and potential conflicting, but apparently potentially valid claims of the Defendants, is indifferent as to which Defendant should receive the death benefit proceeds.  Accordingly, PRINCIPAL LIFE files this Complaint in good faith and without collusion with any of the parties hereto to resolve all disputes over the life insurance proceeds.

///

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory Relief
USDC NDCA Case No:
294011.1

7

37.     Concurrent with the filing of this Complaint PRINCIPAL LIFE has deposited with the Clerk of this Court there to remain until the outcome of this action a check totaling Fifty Seven Thousand Four Hundred Thirty three dollars and Fifty four cents ($57,433.54), which represents the net benefit due under life insurance policy number 4346789, and interest since the date of Natividad Cuesta.

38.     PRINCIPAL LIFE has retained the services of attorneys in California for the purpose of protecting its interests arising out of the Defendants' actual and/or potential conflicting claims, and PRINCIPAL LIFE will be called upon to pay those attorneys for those services that they render in that regard.  PRINCIPAL LIFE also will be compelled to incur costs and disbursements in the prosecution of this action.  Those attorney's fees, costs and disbursements are and should be a legal charge upon the proceeds of life insurance policy, number 4346789 and should be repaid to PRINCIPAL LIFE out of the funds that it has concurrently deposited with the Clerk of this Court.

39.     All named and fictitiously named Defendants have potential claims to the life insurance proceeds from policy 4346789.

40.     PRINCIPAL LIFE cannot determine, without hazard to itself, which Defendants' claim or claims or potential claim or claims are or may be valid.  Defendants should be required to assert their respective claims to the life insurance policy proceeds from number 4346789 and litigate these claims among themselves.

41.     PRINCIPAL LIFE has no other means of protecting itself from the vexation of duplicative claims and therefore is entitled to interplead the life insurance proceeds into this Court, to obtain judgment releasing PRINCIPAL LIFE from further participation in this matter, and for its fees and costs in interpleading the funds.

42.     PRINCIPAL LIFE is entitled to a permanent injunction against all Defendants enjoining them from instituting or prosecuting any proceeding in any State or United States Court against PRINCIPAL LIFE, arising from life insurance policy number 4346789 or the benefits payable there under, and requiring the Defendants to make any claim they might have with regard thereto in this action.

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory Relief
USDC NDCA Case No:
294011.1

8

**SECOND CLAIM FOR RELIEF**

**DECLARATORY RELIEF**

43.     PRINCIPAL LIFE re-alleges and incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

44.     Actual and potential controversies have arisen and now exist between Defendants and PRINCIPAL LIFE concerning monies payable under life insurance policy number 4346789, specifically as follows:

a. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant VINA CUESTA STATUA, as the daughter of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named primary beneficiary as far back as 1999.

b. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant CORAZON AMBE CABALES, as the cousin of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named primary beneficiary since December 2006.

c. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant INOCENCIO S. AMBE, as the brother of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been named a primary beneficiary since 1993.

d. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant ESTELA D. REED, cousin to decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as the new primary

1    beneficiary which change occurred 6 days before decedent Cuesta died from

2    cancer.

3        45.    By reason of the foregoing, there now exists actual and potential, justiciable

4    controversies among the parties.  The Court is vested with the power to declare and adjudicate

5    the rights and legal relationships of the parties to this action with reference to the issues raised by

6    this Complaint.

7        46.    PRINCIPAL LIFE therefore desires a judicial determination of the rights and

8    obligations of each of the parties to this action with respect to life insurance policy number

9    4346789 in conformity with the allegations set forth herein.

10       47.    A judicial determination is necessary and appropriate at this time in order that

11   each of the parties may ascertain their respective rights and duties as to one another and may

12   conduct themselves accordingly now and in the future.

13                                   **PRAYER**

14       WHEREFORE, PRINCIPAL LIFE prays for judgment against all Defendants as follows:

15       1.     That this Court decree that the Complaint is properly filed and that this is a proper

16   cause for Interpleader;

17       2.     That the Clerk of this Court be authorized and directed to accept the funds

18   interplead by this action and to deposit the same into the Court's registry held in an interest

19   bearing account;

20       3.     That Defendants each be compelled to interplead or settle among themselves their

21   respective rights or claims to the proceeds due and payable under life insurance policy number

22   4346789 by reason of the insured's death;

23       4.     That the Court enter an Order restraining Defendants, and each of them, from

24   instituting or prosecuting any proceeding in any State or United States Court against

25   PRINCIPAL LIFE with respect to the life insurance policy number 4346789 and the proceeds

26   payable there under;

27   / / /

28   / / /

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory
Relief
USDC NDCA Case No:
294011.1                                                                        10

1        5.     That having deposited benefit proceeds from life insurance policy number

2    4346789 with the Clerk of the Court, PRINCIPAL LIFE be discharged from all liability to

3    Defendants, and each of them, in this action or under the life insurance policy number 4346789.

4        6.     That PRINCIPAL LIFE be awarded its cost of suit incurred herein, including its

5    reasonable attorney's fees, to be paid out of the funds PRINCIPAL LIFE deposited with the

6    Clerk of the Court; and

7        7.     For such other and further relief as the Court deems just and proper.

8

9    Date: September 21, 2007    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

10

11    By:_____

12                Adrienne C. Publicover
            Michael K. Brisbin

13                Attorneys for Plaintiff
            **PRINCIPAL LIFE INSURANCE COMPANY**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory
Relief
USDC NDCA Case No:
294011.1

11

# EXHIBIT B

1  ADRIENNE C. PUBLICOVER  (SBN 161432)
   MICHAEL K. BRISBIN  (SBN 169495)
2  WILSON, ELSER, MOSKOWITZ,
       EDELMAN& DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, CA  94105
4  Telephone:    (415) 433-0990
   Facsimile:    (415) 434-1370
5
   Attorneys for Plaintiff
6  **PRINCIPAL LIFE INSURANCE COMPANY**

7

8

9              **UNITED STATES DISTRICT COURT**

10    **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

11

12  PRINCIPAL LIFE INSURANCE          )    **Case No. C07-04915 (JCS)**
    COMPANY,                          )
13                                    )    **PROOF OF SERVICE**
                 Plaintiff,           )
14                                    )
          v.                          )
15                                    )
    VINA CUESTA STATUA, INOCENCIO S.  )
16  AMBE, CORAZON AMBE CABALES,       )
    ESTELA D. REED, and DOES 1-10,    )
17                                    )
                 Defendants.          )
18                                    )
                                      )
19                                    )

20

21

22

23

24

25

26

27

28

                              – 1 –

PROOF OF SERVICE
USDC NDCA No. C07-04915 (JCS)
305317.1

1         I am a citizen of the United States, I am over the age of eighteen years not a party to the

2    within cause; I am employed in the City and County of San Francisco, California and my business
address is 525 Market Street, 17th Floor San Francisco, California 94105.

3         On this date I served the following document(s):

4

5       1.    **NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF
SUMMONS;**

6       2.    **WAIVER OF SERVICE OF SUMMONS (2 COPIES & SELF ADDRESSED
7    STAMPED ENVELOPE);**

8       3.    **PLAINTIFF PRINCIPAL LIFE INSURANCE COMPANY'S COMPLAINT
IN INTERPLEADER FOR DECLARATORY RELIEF;**

9       4.    **SUMMONS;**

10      5.    **PLAINTIFF PRINCIPAL LIFE INSURANCE COMPANY'S NOTICE OF
11   DEPOSIT OF INTERPLEADER FUNDS;**

12      6.    **CLERK'S OFFICE RECEIPT OF INTERPLEADER CHECK FOR THE
AMOUNT OF $57,433.54 AND RECEIPT FOR THE FILING FEE FOR THE
13   AMOUNT OF $350.00;**

14      7.    **PLAINITFF PRINCIPAL LIFE INSURANCE COMPANY'S NOTICE OF
INTERESTED PARTIES;**

15      8.    **NOTICE OF ASSIGNMENT OF CASE TO A UNITED STATES
16   MAGISTRATE JUDGE FOR TRIAL;**

17      9.    **ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND
ADR DEADLINES;**

18      10.   **STANDING ORDER;**

19      11.   **NOTICE OF RULE DISCONTINUING SERVICE BY MAIL;**

20      12.   **STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT
OF CALIFORNIA, CONTENTS OF JOINT CASE MANAGEMENT
21   STATEMENT;**

22      13.   **CASE MANAGEMENT CONFERENCE ORDER;**

23      14.   **U.S. DISTRICT COURT GUIDELINES;**

24      15.   **ECF REGISTRATION INFORMATION HANDOUT.**

25

26   on the party(ies) identified below, through their attorneys of record, by placing true copies thereof
27   in sealed envelopes addressed as shown below by the following means of service:

28

1   **XX:    By First Class Mail** -- I caused each such envelope, with first class postage thereon fully
2   prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco,
    California, for collection to the office of the addressee following ordinary business practices.

3   ___:    **By Personal Service** -- I caused each such envelope to be given to a courier messenger who
4   personally delivered each such envelope to the office of the addressee.

5   ___:    **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail
    service at San Francisco, California, to be hand delivered to the office of the addressee on the next
6   business day.

7   ___:    **Facsimile** -- (Only where permitted.  Must consult CCP §1012.5 and California Rules of
8   Court 2001-2011.  Also consult FRCP Rule 5(e).  Not currently authorized in N.D.CA.)

9

10  Mark Cardinal                                Laura Spease
    De Vries Law Firm                            Law Offices of Laura Spease
    P.O. Box 996                                 7700 Edgewater Drive
11  San Juan Bautista, CA  95045-0961            Oakland, CA 94621
    *Attorney for Defendants*                    *Attorney for Defendant*
12  *VINA CUESTA STATUA AND*                     *ESTELA D. REED*
    *INOCENCIO S. AMBE*
13

14  Corazon Ambe Cabales
    14323 Merced Street
15  San Leandro, CA 94579
    *Defendant*
16

17          I declare under penalty of perjury under the laws of the State of California that the foregoing
    is true and correct to the best of my knowledge.
18
            EXECUTED October 4, 2007, at San Francisco, California.
19

20                                              _____
                                                Joya Yeung
21

22

23

24

25

26

27

28

                                            – 3 –

## Yeung, Joya

**From:**    ECF-CAND@cand.uscourts.gov
**Sent:**    Thursday, October 04, 2007 11:49 AM
**To:**      efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:07-cv-04915-JCS Principal Life Insurance Company v. Statua et al Certificate of Service

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by Brisbin, Michael entered on 10/4/2007 11:49 AM and filed on 10/4/2007
**Case Name:**       Principal Life Insurance Company v. Statua et al
**Case Number:**     3:07-cv-4915
**Filer:**           Principal Life Insurance Company
**Document Number:** 6

**Docket Text:**
CERTIFICATE OF SERVICE by Principal Life Insurance Company (Brisbin, Michael) (Filed on 10/4/2007)

**3:07-cv-4915 Notice has been electronically mailed to:**

Michael K. Brisbin    michael.brisbin@wilsonelser.com, joya.yeung@wilsonelser.com

10/4/2007

Adrienne Clare Publicover     Adrienne.Publicover@WilsonElser.com,
Charan.Higbee@WilsonElser.com, Nancy.Li@WilsonElser.com

**3:07-cv-4915 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**X:\Scanned Documents\Brisbin\Cuesta Statua\POS - svc of initial docs to Defs.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=10/4/2007] [FileNumber=3802304-0]
[61dac812ec8d3f9d407b499a16cf63a311c3bf4f01d2fd8dfc8e678dab780ea87a8dd
aa5826b9355f675d96614e9968758e39e43e0186f3be7c5960603e31ea8]]



# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

525 Market Street, 17th Floor, San Francisco, CA 94105-2725
Tel: 415.433.0990   Fax: 415.434.1370

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

—

www.wilsonelser.com

October 4, 2007

Ms. Corazon Ambe Cabales
14323 Merced Street
San Leandro, CA 94579

Re:     Natividad Cuesta
        ***Life Insurance Policy No. 4346789***
        Our file number 3393.686

Dear Ms. Ambe,

Enclosed please find the documents our office recently filed with the United States District Court, Northern District, on behalf of Principal Life Insurance Company.   A proof of service is attached which we recently filed with the Court.

Also enclosed is a Notice of Lawsuit and Waiver of Service of Summons as well as a Waiver of Service of Summons.  The Federal Rules of Civil Procedure allow for service of these documents on you by mail.  In fact, Rule 4 requires the participation of parties when service is attempted by mail.  If any party does not accept service by mail and Principal Life is forced to serve them personally, then Principal Life is entitled to seek reimbursement of its service costs at the conclusion of this matter.  I am hopeful these expenses can be avoided.

Please execute one of the Waivers and return it to me in the self addressed stamped envelope provided for your use.  ***I must receive the waiver no later than November 3, 2007***. Upon receipt we will file it with the Court.  You will then have 60 days from October 4, 2007 to file a responsive pleading to the Complaint.  You may wish to consult with an attorney of your choosing about what is required.

As soon as all parties file a responsive pleading I will send all counsel and/or defendants the entire file so everyone possesses the necessary documents.

305302.1

To: Ms. Corazon Ambe Cabales
October 4, 2007
Our File No.: 3393.686
Page 2


    In the meantime, if you have any questions, please consult with an attorney that you choose to retain.  We cannot provide any legal advice to you as our office represents Principal Life Insurance Company.


                Very truly yours,

      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


              Michael K. Brisbin

MKB/jy
Enclosures

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

305302.1

# EXHIBIT C



**Principal**
*Financial*
*Group*

Mailing Address:
711 High Street
P.O. Box 10431
Des Moines, IA 50306-0431

**Principal Life**
**Insurance Company**

*Beneficiary's*
*Statement*

## INSTRUCTIONS FOR FILING A CLAIM FOR LIFE INSURANCE PROCEEDS
### (Please read through these instructions before completing the form.)

If you have any questions or need help completing the form, we are glad to assist. Our Toll-Free number is 1-800-331-2213, 7:00 a.m. to 5:00 p.m. C.S.T.

**Claim Requirements:**

X    Each beneficiary must complete a separate Beneficiary's Statement (page 3 of this document)

X    Each beneficiary must complete a Settlement Election Statement (page 4 of this document)

X    Each beneficiary must complete Substitute Form W-9 for Certification of Taxpayer Identification Number (page 4 of this document). Foreign entities or non-resident aliens should use a Form W-8 for this purpose. A W-8 Form will be provided upon request.

X    **One certified death certificate should be returned with the forms listed above, which cannot be returned.**

**Beneficiary Designations** (Note – Please provide information relating only to those boxes checked below, along with the other Claim Requirements listed above.)

| | |
|---|---|
| __ | **Estate** – Court issued Letters of Appointment for the Administrator/Executor. |
| __ | **Trust** – Complete and return the enclosed Trust Certification and Release or attach a copy of the entire trust plus any amendments. |
| __ | **Minor** – Court appointment papers naming the guardian or custodian. |
| __ | **Corporation** – Current Articles of Incorporation and Bylaws and Board Resolution authorizing the officer to act and a Certificate of Existence issued by the state. |
| __ | **Surviving Children** – Enclosed form completed by other than a surviving child. |

*(handwritten vertical stamp: 07 MAY -3 AM 7:30   IDPC-DC   RECEIVED)*

**Insured (Deceased) Information**

Deceased's Name (Please list all names Insured may have been known by, such as maiden name, nicknames, or aliases)
Natividad Ambe Cuesta

| Date of Birth | Date of Death | Cause of Death |
|---|---|---|
| June 11, 1946 | April 8, 2007 | Cancer |

**Beneficiary Information**

| Name of Beneficiary | Date of Birth (if applicable) | Phone |
|---|---|---|
| Corazon Ambe Cabales | 12-10-46 | (510) 351-4995 |

| Street Address | City | State | ZIP | US Citizen Other Specify: |
|---|---|---|---|---|
| 14323 Merced St | San Leandro | CA | 94579 | |

Mailing address if different than above

Policy Numbers for which you are making a claim
4346789

I acknowledge that I am a beneficiary to the above policy and that the information above is true and complete to the best of my knowledge. (Signature does not need to be notarized.)

| Signature of Beneficiary | Relationship (ie Trustee, Executor, Guardian) | Date |
|---|---|---|
| *Corazon Cabales* | Cousin | 04-28-2007 |

### Please complete next page.

DD 750-18

**Please Check Your Preferred Form of Settlement**

- ☑ 1. **Lump sum check sent to me**
- ☐ 2. Lump sum check sent to my **Principal Financial Group Sales Representative** (Name) _____
- ☐ 3. **Principal Bank Checking Account** Free personalized checks will be provided. (This account is FDIC insured, but is not creditor protected.) Note: For further information about the Principal Bank Checking Account, call 1-800-672-3343.

    Signature, new account owner _____

    If you wish a contingent payee for this checking account (one who will receive the proceeds upon your death) please complete the following:

    | Beneficiary | Relationship to you |
    |---|---|
    | | |

    Beneficiary's complete address _____

- ☐ 4. **Other Settlement Options** (These options are creditor protected.)
    - ☐ Life Income*        ☐ 10 Year Fixed Income*        ☐ Interest Option
    - *Requires a Current Yield Option Application Form

- 5. **Principal Financial Group has a broad array of products and services to meet your financial needs.** For further information contact your **Principal Financial Group Sales Representative or call us at** 1-800-331-2213.

**Substitute W-9**

Federal Law requires that you provide this information.

Beneficiary SS# or Tax ID: ███-4952

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number and
2. I am not subject to backup withholding because:
    (a) I am exempt from backup withholding, or
    (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or
    (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. person (including a U.S. resident alien).

Certification Instructions: You must cross out item 2 if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. If you need further information please contact the IRS.

By signing this form I certify that the number shown on this form is my correct taxpayer identification number, I have indicated whether or not I am subject to backup withholding and that I am a U.S. person (including a U.S. resident alien).

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Claimant Signature (Signature does not need to be notarized)

| _vera pobalec_ | Date 04-28-2007 |

If claimant is someone other than the beneficiary, please state the relationship to the beneficiary   (i.e. Guardian, Executor, Trustee) _____