1  Montie S. Day, Attorney   (Cal Bar No. 73327)
   Laura R. Spease, Attorney (Cal Bar No. 78273)
2  LAW OFFICES OF LAURA R. SPEASE
   7700 Edgewater Drive, Suite 147
3  Oakland, California 94621
       Spease-Tel:  (510) 569-8558
4      Day-Tel:   (208) 280-3766

5  Montie S. Day, Attorney   (Cal Bar No. 73327)
   DAY LAW OFFICES
6  P. O. Box 1045
   Shoshone, Idaho 83352
7      Tel:   (208) 280-3766

8         Attorneys for Estela D. Reed

9
                    UNITED STATES DISTRICT COURT
10
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12  PRINCIPAL LIFE INSURANCE            )
    COMPANY,                            )
13                                      )  Case No.   C-07-4915 CW
            Plaintiff,                  )
14                                      )
                                        )
    vs.                                 )
15                                      )
    VINA CUESTA STATUA, INOCENCIO       )
16  S. AMBE, CORAZON AMBE               )
    CABALES, ESTELA D. REED, and        )  MEMORANDUM IN SUPPORT
17  DOES 1-10,                          )  OF MOTION FOR THE COURT
                                        )  ENTRY OF DEFAULT OF
18          Defendants.                 )  INOCENCIO S. AMBE ON
                                        )  CROSS-CLAIM OF ESTELA
    _____     )
19                                      )  D. REED
    ESTELA D. REED,                     )
20                                      )
            Cross-claimant,             )
21  vs.                                 )
                                        )
22  VINA CUESTA STATUA, INOCENCIO       )
    S. AMBE, and CORAZON AMBE           )
23  CABALES,                            )
                                        )
24          Cross-defendants.           )
    _____     )
25

26

27

28
    _____
    MEMO. RE: ENTRY OF DEFAULT AGAINST
    INOCENCIO S. AMBE

## INTRODUCTION

ESTELA D. REED ("REED") moves this Court for an order finding service of process on INOCENCIO S. AMBE sufficient and for entry of the default of INOCENCIO S. AMBE.

On September 21, 2007, PRINCIPAL LIFE INSURANCE COMPANY ("PRINCIPAL") filed the instant interpleader action, depositing with the Court the sum of $57,433.54 representing the proceeds of a life insurance policy on the life of NATIVIDAD A. CUESTA.

Named as defendant was **REED, who was the last named beneficiary under the life insurance policy as designated by the deceased just prior to her death on April 2, 2007.** (Request for Judicial Notice, Complaint, Paragraph 18).

Other named defendants were persons who, under prior designations of beneficiaries, had potential interest in the insurance policy, and included INOCENCIO S. AMBE, a brother of the deceased who, under the prior designation, had 3% interest (or approximately $1,500.00) based upon a designation made December 20, 2006. (Request for Judicial Notice, Complaint, Paragraph 17). The December 20, 2006 designation, of course, was changed by the designation made on April 2, 2007, changing and making REED the 100% beneficiary. (Request for Judicial Notice, Complaint, Paragraph 18).

Notwithstanding the fact that AMBE was **not named in the last beneficiary designation, according to the complaint**, INOCENCIO S. AMBE filed a claim for an interest in the policy, and on June 11, 2007, PRINCIPAL LIFE sent him a letter advising that they were awaiting information regarding the claim. (Request for Judicial Notice, Complaint, Paragraph 28 and 29).

REED filed a cross-claim in this action with her answer to the instant interpleader, and a separate summons was issued on the cross-claim. (Request for Judicial Notice, Answer and Cross-Claim, Docket No. 18 and entry for December 7, 2007) INOCENCIO S. AMBE was named as a cross-defendant.

1       MULTIPLE SERVICE ON INOCENCIO S. AMBE

2     **1.  Summons on Complaint and Complaint**

3     PRINCIPAL LIFE served the defendant by **Federal Express,** and filed a proof of
4 service with this Court on December 18, 2007 showing service of the summons and
5 complaint, and other related documents, on INOCENCIO S. AMBE.   (Request for Judicial
6 Notice, Proof of Service, Docket Entry 21)  A further proof of service was filed by PACIFIC
7 LIFE showing the Federal Express tracking of the documents, and that the **documents were**
8 **actually delivered and sign for on December 22, 2007**.

9     Notwithstanding, no answer or appearance has been filed by the defendant AMBE.

10     **2.  Summons on Cross-Claim and Cross-Claim**

11     On December 20, 2007, Montie S. Day, attorney for REED caused the summons on
12 the cross-claim and the answer and cross-complaint to be deposited for delivery by United
13 Parcel Service for INOCENCIO S. AMBE in the Phillippines.   The UPS Tracking
14 Confirmation also shows that the **package containing the summons and complaint was**
15 **delivered and signed for on December 27, 2007.**  (See Request for Judicial Notice, Proof
16 of Service, Docket Entry 25 and Declaration of Montie S. Day filed herewith)

17     Notwithstanding, no answer or appearance has been filed by the defendant AMBE.

18     Thus, AMBE has been served twice by deliveries tracked and signed for, one, by
19 Federal Express the summons on the complaint and complaint and, two, by UPS the
20 summons on the cross-claim and the cross-claim.   Delivery was verified in both cases by the
21 tracking confirmation.

22     **SERVICE UNDER RULE 4(f)**

23     *Federal Rules of Civil Procedures, Rule 4(f)(2) (C)(ii)* provides that service be
24 effected by "any form of mail requiring a signed receipt."

25     **Federal Express**   constitutes "mail" as at least one court within this Circuit has
26 considered  **Federal Express**  to be a form of "mail" for purposes of *Rule 4*. See, e.g., *R.*
27 *Griggs Group Ltd. v. Filanto SPA, 920 F. Supp. 1100 (D. Nev. 1996)* (implicitly concluding

28

---

MEMO. RE: ENTRY OF DEFAULT AGAINST
INOCENCIO S. AMBE                                                                                                                - 3 -

1  that **Federal Express** was a "postal channel" for purposes of analyzing whether service was
2  proper under the Hague Convention); cf. *Dee-K, 174 F.R.D. at 379* (finding DHL courier to
3  be a form of mail requiring a signed receipt).

4  There is no reason that Federal Express, or DHL, delivery with tracking and
5  verification of delivery by signature could be sufficient by United Parcel Service, providing
6  the identical service, would be insufficient.

7  While *Griggs Group Ltd. v. Filanto SPA, 920 F. Supp. 1100 (D. Nev. 1996)* involved
8  a "Hague Convention" country, the analysis for a non-Hague Convention analysis should be
9  the same.   The fact is that the defendant AMBE has been given sufficient and reasonable
10 notice such that the service upon him should be sufficient, especially where the "Res", the
11 property deposited with the Court, is within the jurisdiction of this Court.  Accordingly, this
12 Court should find that AMBE, a resident of the Philippines, was served the summons and
13 complaint on the cross-claim filed herein pursuant to *Federal Rules of Civil Procedures Rule*
14 *4(f)* and such service is legally sufficient in that the Philippines is not a signatory of the
15 ("Hague Convention") and the service is reasonably calculated to provide notice to the
16 defendant of the pending action and to provide  the opportunity to respond to the instant
17 action, and that the defendant INOCENCIO S. AMBE has failed to file an answer or
18 otherwise appear in the action.  A copy of the case of *Griggs Group Ltd. v. Filanto SPA, 920*
19 *F. Supp. 1100 (D. Nev. 1996)* is attached hereto as Exhibit A for the convenience of the
20 Court.

21 Accordingly, while the Clerk of the Court cannot enter the Default, it is respectfully
22 submitted that the Court may find the service sufficient and enter the default of Mr. Ambe.

23
24 Date:  March 10, 2008                                    DAY LAW OFFICES
25                                                                            /s/ Montie S. Day
26                                                                            BY:_____
27                                                                            Montie S. Day, Attorney
28
_____