ADRIENNE C. PUBLICOVER (SBN 161432)
MICHAEL K. BRISBIN (SBN 169495)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Plaintiff
**PRINCIPAL LIFE INSURANCE COMPANY**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> VINA CUESTA STATUA, INOCENCIO S. AMBE, CORAZON AMBE CABALES, ESTELA D. REED, and DOES 1-10, <br><br> Defendants. | Case No. C07-04915 (CW) <br><br> **DECLARATION OF MICHAEL BRISBIN IN SUPPORT OF PLAINTIFF PRINCIPAL LIFE INSURANCE COMPANY'S REQUEST TO ENTER THE DEFAULT OF DEFENDANT INOCENCIO AMBE** <br><br> [F.R.C.P. 55(a)] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION:**

## <u>DECLARATION OF MICHAEL K. BRISBIN</u>

I, Michael Brisbin, state and declare, under penalty of perjury under the laws of the State of California, as follows:

1.      I am an attorney at the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys of record for plaintiff PRINCIPAL LIFE INSURANCE COMPANY ("PRINCIPAL LIFE"). I am licensed to practice in all of the Courts in the State of California and was admitted to practice before this Court on November 16, 2001.

///

2.    I am fully competent to make this declaration and I have personal knowledge of the facts stated herein and if called to testify could and would testify to the following facts.

3.    On September 21, 2007 Plaintiff PRINCIPAL LIFE filed its Complaint in Interpleader and for Declaratory Relief against Defendants VINA CUESTA STATUA, INOCENCIO S. AMBE, CORZAON AMBE CABALES, ESTELA D. REED, and DOES 1-10. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

4.    All other required Court documents were also filed on September 21, 2007.

5.    On October 4, 2007, I, as counsel for PRINCIPAL LIFE, caused to be served upon each Defendant, either individually or through their attorneys, the Complaint, Notice of Lawsuit, Waiver of Service of Summons, Notice of Assignment, Summons, Notice of Deposit, Notice of Interested Parties, Clerk's receipt for interpled monies, and all other Court issued documents. The filed Proof of Service revealing service by U.S. postal mail on October 4, 2007, is attached hereto as **Exhibit B**.

6.    After serving the documents listed in paragraph 4 on Defendant AMBE, through his then potential counsel, Marc Cardinal, none of the documents were returned due to a wrong address, documents undeliverable, moved, does not reside here, or for any other reason. Also, AMBE never returned the Waiver of Service of Summons.

7.    I received a telephone call from Marc Cardinal, in early December 2007, stating he would not be representing AMBE. At that time Mr. Cardinal requested service be directed to Defendant AMBE in the Philippines.

8.    After hearing from Mr. Cardinal about his representation of Defendant AMBE, and having not received a returned waiver of service of summons from AMBE, I, as counsel for PRINCIPAL LIFE caused Defendant AMBE to be served, via Federal Express, with the documents previously sent.

9.    I, as counsel for PRINCIPAL LIFE, caused service to be completed on Defendant AMBE, by Federal Express, on December 22, 2007.  Said service, in accordance with FRCP 4 (f), was accomplished by using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.  To the best of my knowledge this form of service is not prohibited by Philippine law.    PRINCIPAL LIFE filed the Proof of Service with the Court on January 31, 2008; confirming service of Defendant AMBE by Federal Express.  A true and correct copy of the Proof of Service is attached hereto as **Exhibit C**.

10.    Under FRCP 12 (a)(1)(A)(i) Defendant AMBE had only 20 days from service on December 22, 2007 to file a responsive pleading because Defendant AMBE failed to return the Waiver of Service of Summons.

11.    Defendant AMBE failed to file any responsive pleading or any other document by the January 11, 2008 deadline, signaling his intent to make an appearance at any time during this litigation.

12.    As of March 17, 2008 Defendant AMBE still has failed to file a responsive pleading, seek an extension, request a dismissal, or make an appearance with the Court, despite additional time for doing so.

13.    Thus, Defendant AMBE has failed to plead or otherwise respond to Plaintiff PRINCIPAL LIFE'S Complaint filed on September 21, 2007.

14.    The applicable time limit for Defendant AMBE to file a responsive pleading has expired.

15.    Defendant AMBE is not an infant, as his date of birth is December 28, 1948, he is not incompetent, and not in the military service.  Attached hereto as **Exhibit D** is a true and correct copy of the beneficiary statement completed by Defendant AMBE.

///

///

Declaration of M. Brisbin in Support of Plaintiff Principal Life's Request to Enter the Default of Defendant Inocencio Ambe
Case No.:  C07-04915 (CW)
328644.1

1

2

3    Date: March 17, 2008                          WILSON, ELSER, MOSKOWITZ, EDELMAN &
                                                    DICKER LLP
4

5                                                   By: _____
6                                                      Adrienne C. Publicover
                                                       Michael K. Brisbin
7                                                      Attorneys for Plaintiff
                                                       **PRINCIPAL LIFE INSURANCE COMPANY**
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  ADRIENNE C. PUBLICOVER (SBN 161432)
   MICHAEL K. BRISBIN (SBN 169495)
2  WILSON, ELSER, MOSKOWITZ,
     EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, CA 94105
4  Telephone:   (415) 433-0990
   Facsimile:   (415) 434-1370
5
6  Attorneys for Plaintiff
   **PRINCIPAL LIFE INSURANCE COMPANY**

7

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                                                          **JCS**

12 PRINCIPAL LIFE INSURANCE            Case No. 07
   COMPANY,
13                                     **PLAINTIFF PRINCIPAL LIFE**
                Plaintiff,             **INSURANCE COMPANY'S COMPLAINT**
14                                     **IN INTERPLEADER FOR**
        v.                             **DECLARATORY RELIEF**
15
   VINA CUESTA STATUA, INOCENCIO S.
16 AMBE, CORAZON AMBE CABALES,
   ESTELA D. REED, and DOES 1-10,
17
                Defendants.
18

19

20        Plaintiff, PRINCIPAL LIFE INSURANCE COMPANY (hereinafter referred to as

21 "PRINCIPAL LIFE"), by its attorneys, the law firm of WILSON, ELSER, MOSKOWITZ,

22 EDELMAN & DICKER, LLP, hereby submits its Complaint in Interpleader and Declaratory

23 Relief as follows:

24                      **JURISDICTION AND VENUE**

25        1.     This Interpleader action is brought pursuant to the Federal Interpleader Statute,

26 U.S.C.A. Sections 1335, 1397 and 2361. U.S.C.A. Section 1335 requires subject matter

27 jurisdiction which is satisfied if the stake at issue is worth $500 or more, and if the citizenship of

28 only one of the claimants is diverse from that of any other claimant (not including the

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory
Relief
USDC NDCA Case No:
294011.1

1    stakeholder).  For the reasons set forth below these requirements are satisfied and the Federal

2    Interpleader Statute is properly invoked.

3        2.    The Federal Interpleader Statute requires subject matter jurisdiction through either

4    federal question or diversity.  Here, diversity jurisdiction exists pursuant to 28 U.S.C.A. 1335.

5        3.    Plaintiff PRINCIPAL LIFE is a citizen of Iowa as a corporation duly organized

6    and existing under the laws of the State of Iowa with its principal place of business located in

7    Des Moines, Iowa.  At all times relevant herein, PRINCIPAL LIFE is and was authorized to

8    conduct business throughout the State of California as a life insurer and conducts business in the

9    Northern District of California.

10        4.    PRINCIPAL LIFE is informed and believes that Defendant VINA CUESTA

11    STATUA is the daughter of decedent Natividad A. Cuesta and a resident and citizen of

12    California.

13        5.    PRINCIPAL LIFE is informed and believes that Defendant INOCENCIO S.

14    AMBE is the brother of decedent Natividad A. Cuesta and a resident and citizen of the

15    Philippines.

16        6.    PRINCIPAL LIFE is informed and believes that Defendant CORAZON AMBE

17    CABALES is the cousin of decedent Natividad A. Cuesta and a resident and citizen of

18    California.

19        7.    PRINCIPAL LIFE is informed and believes that Defendant ESTELA D. REED is

20    a cousin of decedent Natividad A. Cuesta and is a resident and citizen of California.

21        8.    PRINCIPAL LIFE is informed and believes the amount in controversy exceeds

22    $500.00, as the life insurance policy at issue has an uncontested face value of $50,000.00, and a

23    net death benefit totaling $57,433.54 which is due and owing by reason of the death of the

24    insured, Natividad A. Cuesta.  Thus, there is subject matter jurisdiction pursuant to U.S.C.A.

25    Section 1335.

26        9.    PRINCIPAL LIFE is informed and believes that according to 28 U.S.C.A. 1397

27    venue is proper in any judicial district in which one of the claimants resides.  Therefore, the

28    United States District Court, Northern District is a proper venue because two of the claimants

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory
Relief
USDC NDCA Case No:
294011.1

2

1    (ESTELA REED and CORAZON CABALES) reside in Alameda and San Leandro, California,

2    respectively.

3        10.    PRINCIPAL LIFE is informed and believes that pursuant to 28 U.S.C.A Section

4    2361 provides for substantially expanded personal jurisdiction over the claimants.  Thus, the

5    claimants will subject to the District Court's jurisdiction once service is completed.

6        11.    PRINCIPAL LIFE is ignorant of the true names and capacities of the Defendants,

7    sued herein as Does 1-10, and for those reasons, sue those Defendants by fictitious names.

8    PRINCIPAL LIFE is informed and believes, and thereon alleges, that each of the fictitiously

9    named Defendants claims some right, title or interest in or to the proceeds of the life insurance

10   policy which is the subject of this complaint.  When PRINCIPAL LIFE ascertains the true names

11   and capacities of the fictitiously named Defendants, it will amend this Complaint by inserting the

12   same herein.

### FIRST CLAIM FOR RELIEF

### INTERPLEADER

15       12.    PRINCIPAL LIFE re-alleges and incorporates by reference paragraphs 1 through

16   11 above as though fully set forth herein.

17       13.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, that

18   Natividad A. Cuesta ("insured", "decedent" or "Cuesta") was originally insured under an

19   adjustable life insurance policy, number 4346789, issued on December 17, 1993 for $50,000.00

20   underwritten by PRINCIPAL LIFE INSURANCE COMPANY ("PRINCIPAL LIFE").

21       14.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, the

22   application reads that her original beneficiaries were her daughter Jocelyn Ambe Cuesta, and

23   brother, INOCENCIO S. AMBE, each to equally share the policy benefits.

24       15.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, that on

25   September 10, 1997, decedent Cuesta changed her beneficiary designation to the following:

26   Jocelyn A. Cuesta – Siu, daughter; INOCENCIO AMBE, brother; Vina A. Shrigley, daughter; all

27   to share the life insurance benefit equally.  She also named her grand daughter, Deneka Taylor-

28   Siu, as a contingent beneficiary.

1    16.    PRINCPAL LIFE is informed and believes, and on that basis alleges that on July

2    1, 1999, decedent Cuesta submitted a further change of beneficiary benefit instructions, changing

3    her beneficiaries to the following:  VINA AMBE CUESTA, daughter 50%; Jocelyn C. Siu,

4    daughter 25% and Deneka C. Siu, granddaughter 25%.

5    17.    PRINCIPAL LIFE is informed and believes, and on that basis alleges the

6    beneficiary designation remained as set forth in paragraph 16 until December 20, 2006 when

7    decedent Cuesta change the beneficiaries to the following designations:  VINA CUESTA

8    STATUA, daughter, 94%; INOCENCIO AMBE, brother, 3%; and CORAZON CABALES,

9    cousin, 3%.

10    18.    PRINCIPAL LIFE is informed and believes, and on that basis alleges that on

11    April 2, 2007 decedent Cuesta allegedly executed a change of beneficiary form again changing

12    the designations set forth in paragraph 17 to ESTELA D. REED, cousin, 100%.

13    19.    PRINCIPAL LIFE is informed and believes, and on that basis alleges that on

14    April 8, 2007, decedent Cuesta died from cancer.

15    20.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, that

16    decedent Cuesta was insured under life insurance policy number 4346789 when she died on

17    April 8, 2007.

18    21.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, it did not

19    receive a copy of the change in beneficiary form dated April 2, 2007, until May 3, 2007.  Said

20    form was sent to PRINCIPAL LIFE by Senior Agent Eddie M. Biala after he tried to clarify the

21    designations with decedent Cuesta before her death.  Mr. Biala's attempted clarification

22    emanated from his prior conversation with decedent Cuesta who at the time stated she wanted

23    her cousin, Estela Reed, and her daughter, Vina Cuesta Statua, to share the life insurance

24    proceeds.

25    22.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 3,

26    2007, it received a claim for the life insurance proceeds at issue from Defendant VINA CUESTA

27    STATUA.

28    23.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 3,

1  2007, it received a claim for the life insurance proceeds at issue from Defendant CORAZON

2  CABALES.

3       24.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 5,

4  2007 it received a letter from Kenneth E. Mitchell of Mitchell, Courts & Levin LLP, counsel for

5  ESTELA D. REED.  The letter stated Defendant REED was submitting a beneficiary's

6  statement, a copy of the certified death certificate, and a copy of the beneficiary change form

7  executed on April 2, 2007.

8       25.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 5,

9  2007, it received a claim for the life insurance proceeds at issue from Defendant ESTELA

10  REED.

11       26.    PRINCIPAL LIFE is informed and believes and on that basis alleges that, on or

12  after May 5, 2007, Defendant VINA CUESTA STATUA alleged the beneficiary change dated

13  April 2, 2007 was not valid.  This contention placed PRINCIPAL LIFE on notice that a serious

14  dispute existed between at least two parties regarding the disbursement of the life insurance

15  proceeds.

16       27.    On May 11, 2007, PRINCIPAL LIFE sent to counsel for Defendant REED and

17  counsel for Defendant VINA CUESTA STATUA a letter discussing the competing claims and

18  indicating that if the parties could not settle the dispute surrounding the distribution of the life

19  insurance proceeds from Policy No. 4346789, PRINCIPAL LIFE would move forward with an

20  Interpleader action and seek to recover its costs associated with said action.

21       28.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, on May 29,

22  2007, it received a claim for the life insurance proceeds at issue from Defendant INOCENCIO S.

23  AMBE.

24       29.    On June 11, 2007 PRINCIPAL LIFE sent to Defendant INOCENCIO AMBE

25  correspondence regarding his claim for the life insurance proceeds indicating they were still

26  awaiting information from other parties before distributing the monies.

27       30.    PRINCIPAL LIFE is informed and believes and on that basis alleges, the

28  Defendants have never communicated resolution of the issue surrounding the distribution of life

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory
Relief
USDC NDCA Case No:
294011.1

5

1   insurance proceeds from policy number 4346789.

2       31.    By reason of the decedent's death, the life insurance proceeds under PRINCIPAL

3   LIFE insurance policy number 4346789 are due and owing.  At the time of the insured's death,

4   the face amount was Fifty Thousand dollars and no cents ($50,000.00) and the net benefit due is

5   Fifty Seven Thousand Four Hundred Thirty three dollars and Fifty four cents ($57,433.54).

6       32.    PRINCIPAL LIFE at all times mentioned in this Complaint has been, and is

7   ready, willing, and able, to pay the life insurance proceeds under policy number 4346789 to the

8   person or persons legally entitled thereto.  However, PRINCIPAL LIFE is informed and

9   believes, and on that basis alleges, that there are actual and/or potential conflicting claims

10  relating to the life insurance proceeds.

11      33.    PRINCIPAL LIFE is informed and believes, and on that basis alleges, that

12  Defendants and each of them, are persons known to PRINCIPAL LIFE to be, or who may be,

13  asserting some right, title, or interest in or to all of a portion of the proceeds of the life insurance

14  policy which is the subject of this Complaint, and that there may be conflicting potential

15  demands upon PRINCIPAL LIFE, specifically:

16      a.   PRINCIPAL LIFE is informed and believes, and on that basis alleges that

17      Defendant VINA CUESTA STATUA, as the daughter of decedent Cuesta, is

18      claiming entitlement to the proceeds of the life insurance policy, number

19      4346789, as a named primary beneficiary before the alleged beneficiary change

20      on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named

21      primary beneficiary as far back as 1999.

22      b.   PRINCIPAL LIFE is informed and believes, and on that basis alleges that

23      Defendant CORAZON AMBE CABALES, as the cousin of decedent Cuesta, is

24      claiming entitlement to the proceeds of the life insurance policy, number

25      4346789, as a named primary beneficiary before the alleged beneficiary change

26      on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named

27      primary beneficiary since December 2006.

28

c. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant INOCENCIO S. AMBE, as the brother of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been named a primary beneficiary since 1993.

d. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant ESTELA D. REED, cousin to decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as the new primary beneficiary which change occurred 6 days before decedent Cuesta died from cancer.

34. By reason of the actual and potential conflicting claims to the life insurance proceeds, PRINCIPAL LIFE does not know and cannot determine the person or persons legally entitled to payment.

35. PRINCIPAL LIFE is unable to determine with certainty the validity of the conflicting demands that are or may be made by Defendants herein as described above, and cannot determine whom to pay in light of the actual and potential competing claims of the decedent's alleged change in beneficiary on April 2, 2007, prior beneficiary change in December 2006, the claim of decedent's daughter, her brother, or her cousins. Additionally, PRINCIPAL LIFE may be exposed to multiple claims or liability should it make payment of any, or all, of the balance of the benefits to an individual not entitled to the benefits.

36. PRINCIPAL LIFE claims no interest in the balance of the life insurance proceeds, or any part thereof, other than as a mere stakeholder of those proceeds, and as a result of the actual and potential conflicting, but apparently potentially valid claims of the Defendants, is indifferent as to which Defendant should receive the death benefit proceeds. Accordingly, PRINCIPAL LIFE files this Complaint in good faith and without collusion with any of the parties hereto to resolve all disputes over the life insurance proceeds.

///

37.    Concurrent with the filing of this Complaint PRINCIPAL LIFE has deposited with the Clerk of this Court there to remain until the outcome of this action a check totaling Fifty Seven Thousand Four Hundred Thirty three dollars and Fifty four cents ($57,433.54), which represents the net benefit due under life insurance policy number 4346789, and interest since the date of Natividad Cuesta.

38.    PRINCIPAL LIFE has retained the services of attorneys in California for the purpose of protecting its interests arising out of the Defendants' actual and/or potential conflicting claims, and PRINCIPAL LIFE will be called upon to pay those attorneys for those services that they render in that regard.  PRINCIPAL LIFE also will be compelled to incur costs and disbursements in the prosecution of this action.  Those attorney's fees, costs and disbursements are and should be a legal charge upon the proceeds of life insurance policy, number 4346789 and should be repaid to PRINCIPAL LIFE out of the funds that it has concurrently deposited with the Clerk of this Court.

39.    All named and fictitiously named Defendants have potential claims to the life insurance proceeds from policy 4346789.

40.    PRINCIPAL LIFE cannot determine, without hazard to itself, which Defendants' claim or claims or potential claim or claims are or may be valid.  Defendants should be required to assert their respective claims to the life insurance policy proceeds from number 4346789 and litigate these claims among themselves.

41.    PRINCIPAL LIFE has no other means of protecting itself from the vexation of duplicative claims and therefore is entitled to interplead the life insurance proceeds into this Court, to obtain judgment releasing PRINCIPAL LIFE from further participation in this matter, and for its fees and costs in interpleading the funds.

42.    PRINCIPAL LIFE is entitled to a permanent injunction against all Defendants enjoining them from instituting or prosecuting any proceeding in any State or United States Court against PRINCIPAL LIFE, arising from life insurance policy number 4346789 or the benefits payable there under, and requiring the Defendants to make any claim they might have with regard thereto in this action.

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory Relief
USDC NDCA Case No:
294011.1

8

### SECOND CLAIM FOR RELIEF

### DECLARATORY RELIEF

43.     PRINCIPAL LIFE re-alleges and incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

44.     Actual and potential controversies have arisen and now exist between Defendants and PRINCIPAL LIFE concerning monies payable under life insurance policy number 4346789, specifically as follows:

a. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant VINA CUESTA STATUA, as the daughter of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named primary beneficiary as far back as 1999.

b. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant CORAZON AMBE CABALES, as the cousin of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been a named primary beneficiary since December 2006.

c. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant INOCENCIO S. AMBE, as the brother of decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as a named primary beneficiary before the alleged beneficiary change on April 2, 2007 to Defendant ESTELA D. REED, 100%, and had been named a primary beneficiary since 1993.

d. PRINCIPAL LIFE is informed and believes, and on that basis alleges that Defendant ESTELA D. REED, cousin to decedent Cuesta, is claiming entitlement to the proceeds of the life insurance policy, number 4346789, as the new primary

1   beneficiary which change occurred 6 days before decedent Cuesta died from

2   cancer.

3       45.    By reason of the foregoing, there now exists actual and potential, justiciable

4   controversies among the parties.  The Court is vested with the power to declare and adjudicate

5   the rights and legal relationships of the parties to this action with reference to the issues raised by

6   this Complaint.

7       46.    PRINCIPAL LIFE therefore desires a judicial determination of the rights and

8   obligations of each of the parties to this action with respect to life insurance policy number

9   4346789 in conformity with the allegations set forth herein.

10      47.    A judicial determination is necessary and appropriate at this time in order that

11  each of the parties may ascertain their respective rights and duties as to one another and may

12  conduct themselves accordingly now and in the future.

13                                  **PRAYER**

14      WHEREFORE, PRINCIPAL LIFE prays for judgment against all Defendants as follows:

15      1.    That this Court decree that the Complaint is properly filed and that this is a proper

16  cause for Interpleader;

17      2.    That the Clerk of this Court be authorized and directed to accept the funds

18  interplead by this action and to deposit the same into the Court's registry held in an interest

19  bearing account;

20      3.    That Defendants each be compelled to interplead or settle among themselves their

21  respective rights or claims to the proceeds due and payable under life insurance policy number

22  4346789 by reason of the insured's death;

23      4.    That the Court enter an Order restraining Defendants, and each of them, from

24  instituting or prosecuting any proceeding in any State or United States Court against

25  PRINCIPAL LIFE with respect to the life insurance policy number 4346789 and the proceeds

26  payable there under;

27  ///

28  ///

Plaintiff Principal Life Insurance Company's Complaint for Interpleader for Declaratory
Relief
USDC NDCA Case No:
294011.1

10

5.    That having deposited benefit proceeds from life insurance policy number 4346789 with the Clerk of the Court, PRINCIPAL LIFE be discharged from all liability to Defendants, and each of them, in this action or under the life insurance policy number 4346789.

6.    That PRINCIPAL LIFE be awarded its cost of suit incurred herein, including its reasonable attorney's fees, to be paid out of the funds PRINCIPAL LIFE deposited with the Clerk of the Court; and

7.    For such other and further relief as the Court deems just and proper.

Date: September 21, 2007    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
    Adrienne C. Publicover
    Michael K. Brisbin
    Attorneys for Plaintiff
    **PRINCIPAL LIFE INSURANCE COMPANY**

# EXHIBIT B

1   ADRIENNE C. PUBLICOVER  (SBN 161432)
    MICHAEL K. BRISBIN  (SBN 169495)
2   WILSON, ELSER, MOSKOWITZ,
       EDELMAN& DICKER LLP
3   525 Market Street, 17th Floor
    San Francisco, CA  94105
4   Telephone:    (415) 433-0990
    Facsimile:    (415) 434-1370
5
    Attorneys for Plaintiff
6   **PRINCIPAL LIFE INSURANCE COMPANY**

7

8

9                 **UNITED STATES DISTRICT COURT**

10   **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

11

12   PRINCIPAL LIFE INSURANCE          )   **Case No. C07-04915 (JCS)**
     COMPANY,                          )
13                                     )   **PROOF OF SERVICE**
              Plaintiff,               )
14                                     )
         v.                            )
15                                     )
     VINA CUESTA STATUA, INOCENCIO S.  )
16   AMBE, CORAZON AMBE CABALES,       )
     ESTELA D. REED, and DOES 1-10,    )
17                                     )
              Defendants.              )
18                                     )
                                       )
19   _____)

20

21

22

23

24

25

26

27

28
                                    – 1 –

I am a citizen of the United States, I am over the age of eighteen years not a party to the within cause; I am employed in the City and County of San Francisco, California and my business address is 525 Market Street, 17th Floor San Francisco, California 94105.

On this date I served the following document(s):

1. **NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS;**

2. **WAIVER OF SERVICE OF SUMMONS (2 COPIES & SELF ADDRESSED STAMPED ENVELOPE);**

3. **PLAINTIFF PRINCIPAL LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER FOR DECLARATORY RELIEF;**

4. **SUMMONS;**

5. **PLAINTIFF PRINCIPAL LIFE INSURANCE COMPANY'S NOTICE OF DEPOSIT OF INTERPLEADER FUNDS;**

6. **CLERK'S OFFICE RECEIPT OF INTERPLEADER CHECK FOR THE AMOUNT OF $57,433.54 AND RECEIPT FOR THE FILING FEE FOR THE AMOUNT OF $350.00;**

7. **PLAINITFF PRINCIPAL LIFE INSURANCE COMPANY'S NOTICE OF INTERESTED PARTIES;**

8. **NOTICE OF ASSIGNMENT OF CASE TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL;**

9. **ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES;**

10. **STANDING ORDER;**

11. **NOTICE OF RULE DISCONTINUING SERVICE BY MAIL;**

12. **STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA, CONTENTS OF JOINT CASE MANAGEMENT STATEMENT;**

13. **CASE MANAGEMENT CONFERENCE ORDER;**

14. **U.S. DISTRICT COURT GUIDELINES;**

15. **ECF REGISTRATION INFORMATION HANDOUT.**

on the party(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

- 2 -

PROOF OF SERVICE
USDC NDCA No. C07-04915 (JCS)
305317.1

1   **XX:   By First Class Mail** -- I caused each such envelope, with first class postage thereon fully
2   prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco,
    California, for collection to the office of the addressee following ordinary business practices.

3   **___:   By Personal Service** -- I caused each such envelope to be given to a courier messenger who
4   personally delivered each such envelope to the office of the addressee.

5   **___:   By Overnight Courier** -- I caused each such envelope to be given to an overnight mail
6   service at San Francisco, California, to be hand delivered to the office of the addressee on the next
    business day.

7   **___:   Facsimile** -- (Only where permitted.  Must consult CCP §1012.5 and California Rules of
8   Court 2001-2011.  Also consult FRCP Rule 5(e).  Not currently authorized in N.D.CA.)

9
10  Mark Cardinal                           Laura Spease
    De Vries Law Firm                       Law Offices of Laura Spease
11  P.O. Box 996                            7700 Edgewater Drive
    San Juan Bautista, CA  95045-0961       Oakland, CA 94621
12  *Attorney for Defendants*               *Attorney for Defendant*
    *VINA CUESTA STATUA AND*                *ESTELA D. REED*
13  *INOCENCIO S. AMBE*

14  Corazon Ambe Cabales
    14323 Merced Street
15  San Leandro, CA 94579
    *Defendant*
16

17          I declare under penalty of perjury under the laws of the State of California that the foregoing
18  is true and correct to the best of my knowledge.

19          EXECUTED October 4, 2007, at San Francisco, California.

20                                  _____
                                    Joya Yeung
21

22

23

24

25

26

27

28

— 3 —

PROOF OF SERVICE
USDC NDCA No. C07-04915 (JCS)
305317.1

# EXHIBIT C

1   ADRIENNE C. PUBLICOVER  (SBN 161432)
    MICHAEL K. BRISBIN  (SBN 169495)
2   WILSON, ELSER, MOSKOWITZ,
       EDELMAN& DICKER LLP
3   525 Market Street, 17th Floor
    San Francisco, CA  94105
4   Telephone:    (415) 433-0990
    Facsimile:    (415) 434-1370
5
    Attorneys for Plaintiff
6   **PRINCIPAL LIFE INSURANCE COMPANY**

7

8                    **UNITED STATES DISTRICT COURT**

9        **NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

10

11  PRINCIPAL LIFE INSURANCE          )   **Case No. C07-04915 (CW)**
    COMPANY,                          )
12                                    )   **PROOF OF SERVICE**
                   Plaintiff,         )
13                                    )
             v.                       )
14                                    )
    VINA CUESTA STATUA, INOCENCIO S.  )
15  AMBE, CORAZON AMBE CABALES,       )
    ESTELA D. REED, and DOES 1-10,    )
16                                    )
                   Defendants.        )
17  _____    )

18       I am a citizen of the United States, I am over the age of eighteen years and am not a party to
    the within cause. I am employed in the City and County of San Francisco, California and my
19  business address is 525 Market Street, 17th Floor, San Francisco, California 94105.

20       On this date I served the following document(s).

21       **A copy of the Confirmation of Delivery from FedEx Express for Tracking Number
         791459819040 regarding service of initial documents to *INOCENCIO S. AMBE***
22       **is attached hereto as Exhibit A**

23  on the party(ies) identified below, and/or through their attorneys of record, by placing true copies
    thereof in sealed envelopes addressed as shown below by the following means of service:
24

25  **XX**:    **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully
    prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco,
26  California, for collection to the office of the addressee following ordinary business practices.

27  ____:    **By Personal Service** -- I caused each such envelope to be given to a courier messenger who
    personally delivered each such envelope to the office of the addressee.
28

- 1 -
PROOF OF SERVICE

USDC NDCA No. C07-04915 (CW)
322710.1

**___:    By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

Corazon Ambe Cabales
462 37th Street
Oakland, CA 94609
*Defendant*

Inocencio S. Ambe
907 Paroba Street
Santa Maria, Sta. Ana
2022 Pampanga, Philippines
*Defendant*

**XX:**    Per order of the Court I caused service to be accomplished on all parties through **CM/ECF File and Serve** for the Northern District of California:

**Marc Joseph Cardinal**       mjc@devrieslawgroup.com

**Montie S. Day**       Oyad@aol.com

**Daniel J. De Vries**       DJDV@DeVriesLawGroup.com, cbj@devrieslawgroup.com, jma@devrieslawgroup.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED January 31, 2008, at San Francisco, California.

Joya Yeung

-- 2 --
PROOF OF SERVICE

USDC NDCA No. C07-04915 (CW)
322710.1

# EXHIBIT A

3393.68686 Bill

From: Origin ID: JCCA  (415) 433-0990
Joya Yeung
Wilson, Elser, Moskowitz, etal
525 Market Street, 17th Floor

San Francisco, CA 94105
UNITED STATES



Ship Date: 18DEC07
ActWgt: 1 LB
System#: 9558528/INET7091
Account#: S *********

TotWgt: 1 LB

REF: 03393.00686
DESC-1: Legal Documents
DESC-2:
DESC-3:
DESC-4:
EEI: NO EEI 30.37(a)
COUNTRY MFG: US
CARRIAGE VALUE: .00 USD
CUSTOMS VALUE: 1.00 USD
T/C: S 259634989          D/T: R
SIGN: Joya Yeung
EIN/VAT:

SHIP TO: 4154330990          BILL SENDER

**Inocencio S. Ambe**

**907 Paroba Street**
**Santa Maria, Sta. Ana**

**Pampanga,  2022**
PH

TRK# 7914 5981 9040
0430

PM
INTL ECON ENVELOPE



**S4-CYUA**

MNL
-PH
2022

These commodities, technology, or software were exported from the United States in accordance with
the export administration regulations. Diversion contrary to United States law prohibited.

The Warsaw Convention may apply and will govern and in most cases limit the liability of Federal
Express for loss or delay of or damage to your shipment.  Subject to the terms of the contract.

CONSIGNEE COPY - PLEASE PLACE IN POUCH

**Shipping Label: Your shipment is complete This shipping label constitutes the air waybill for this shipment.**

1. Use the  "Print" feature from your browser to send this page to your laser or inkjet printer. Fold the printed page along the
horizontal line.

2. Place 2 originals of the shipping label in the pouch and affix it to your shipment so that the barcode portion of the label
can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional
charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS. On this Air Waybill, "we", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective e
agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is with the Fe
subsidiary, branch or independent contractor who originally accepts the shipment from you. The term "package" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international ship
our automated systems, meters, manifests or waybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international ship
the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, will then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw (
amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplen
charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stoppingplaces which are agreed to and FedEx reserves the right to route the shipm
FedEx deems appropriate. ROAD TRANSPORT NOTICE. Shipments transported solely by road or to or from a country which is a party to the Warsaw Convention or the Contract for the International Carriage of Goods
"CMR") are subject to the terms and conditions of the CMR, notwithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises between the provi
CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, laws, other government regulations, orde
requirements, FedEx's maximum liability for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with your shipment is limited by this Agreement and i
terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provid
or all-risk insurance, but you may pay an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared an
additional charge is paid, FedEx's maximum liability will be the amount of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY I
WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS)
ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx won't be liable for your acts or omissions, including
to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else with an interest in the shipment or viola
party of the terms of this agreement. FedEx won't be liable for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with shipments of cash, currency o
prohibited items or in instances beyond our control, such as acts of God,perils of the air, weather conditions, mechanical delays, acts of public enemies,war, strike, civil commotion, or acts or omissions of public autho
customs and health officials) with actual or apparent authority. NO WARRANTY. We make no warranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY. ALL CLAIMS MUST BE MADE IN WRITING A
STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific written claims procedur
delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for y
The right to damages against us shall be extinguished unless an action is brought within two years, as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been p
amount may not be deducted from the transportation charges. If the recipient accepts the shipment without noting any damage on the delivery record, FedEx will assume the shipment was delivered in good condition
to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill
contrary to any applicable International treaties, laws, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalid
unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherwise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132, USA, is the first c
shipment. Email address located at www.fedex.com.



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

January 31, 2008

Dear Customer:

The following is the proof-of-delivery for tracking number **791459819040**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | PAMPANGA |
| Signed for by: | L.LULU | Delivery date: | Dec 22, 2007 15:46 |
| Service type: | Intl Economy Envelope | | |

Signature images are not available for display for shipments to this country.

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 791459819040 | Ship date: | Dec 18, 2007 |
| | | Weight: | 0.9 lbs. |

| | |
|---|---|
| Recipient: | Shipper: |
| PAMPANGA PH | SAN FRANCISCO, CA US |

| | |
|---|---|
| Reference | 03393.00686 |

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

# EXHIBIT D



**Principal**
*Financial Group*

Mailing Address:
711 High Street
P.O. Box 10431
Des Moines, IA 50306-0431

| **Principal Life Insurance Company** | *Beneficiary's Statement* |

---

**INSTRUCTIONS FOR FILING A CLAIM FOR LIFE INSURANCE PROCEEDS**
**(Please read through these instructions before completing the form.)**

If you have any questions or need help completing the form, we are glad to assist. Our Toll-Free number is 1-800-331-2213, 7:00 a.m. to 5:00 p.m. C.S.T.

**Claim Requirements:**

X   Each beneficiary must complete a separate Beneficiary's Statement (page 3 of this document)

X   Each beneficiary must complete a Settlement Election Statement (page 4 of this document)

X   Each beneficiary must complete Substitute Form W-9 for Certification of Taxpayer Identification Number (page 4 of this document). Foreign entities or non-resident aliens should use a Form W-8 for this purpose. A W-8 Form will be provided upon request.

**X   One certified death certificate should be returned with the forms listed above, which cannot be returned.**

**Beneficiary Designations** (Note – Please provide information relating only to those boxes checked below, along with the other Claim Requirements listed above.)

| | |
|---|---|
| __ | **Estate** – Court issued Letters of Appointment for the Administrator/Executor. |
| __ | **Trust** – Complete and return the enclosed Trust Certification and Release or attach a copy of the entire trust plus any amendments. |
| __ | **Minor** – Court appointment papers naming the guardian or custodian. |
| __ | **Corporation** – Current Articles of Incorporation and Bylaws and Board Resolution authorizing the officer to act and a Certificate of Existence issued by the state. |
| __ | **Surviving Children** – Enclosed form completed by other than a surviving child. |

---

**Insured (Deceased) Information**

Deceased's Name (Please list all names Insured may have been known by, such as maiden name, nicknames, or aliases)
Natividad Ambe Cuesta

| Date of Birth | Date of Death | Cause of Death |
|---|---|---|
| June 11, 1946 | April 8, 2007 | Caner |

**Beneficiary Information**

| Name of Beneficiary | Date of Birth (if applicable) | Phone |
|---|---|---|
| INOCENCIO S. AMBE | 12-28-48 | ( ) 0917 26 84 |

| Street Address | City | State | ZIP | US Citizen Other Specify: |
|---|---|---|---|---|
| 907 Paroba St | Pampanga | | | |

Mailing address if different than above
907 PAROBA ST. SANTA MARIA, STA. ANA, 2022 PAMPANGA

Policy Numbers for which you are making a claim
4346789

---

I acknowledge that I am a beneficiary to the above policy and that the information above is true and complete to the best of my knowledge. (Signature does not need to be notarized.)

| Signature of Beneficiary | Relationship (ie Trustee, Executor, Guardian) | Date |
|---|---|---|
| | BROTHER | MAY 12, 2007 |

**Please complete next page.**

DD 750-18                              Page 3 of 4

| Settlement Election
| Statement

## Please Check Your Preferred Form of Settlement

☑ 1. **Lump sum check sent to me**

☐ 2. **Lump sum check sent to my Principal Financial Group Sales Representative** (Name) _____

☐ 3. **Principal Bank Checking Account** Free personalized checks will be provided. (This account is FDIC insured, but is not creditor protected.) Note: For further information about the Principal Bank Checking Account, call 1-800-672-3343.

   Signature, new account owner _____

   If you wish a contingent payee for this checking account (one who will receive the proceeds upon your death) please complete the following:

   Beneficiary _____ | Relationship to you _____

   Beneficiary's complete address _____

☐ 4. **Other Settlement Options** (These options are creditor protected.)

   ☐ Life Income*        ☐ 10 Year Fixed Income*        ☐ Interest Option
   *Requires a Current Yield Option Application Form

5. **Principal Financial Group** has a broad array of products and services to meet your financial needs. For further information contact your Principal Financial Group Sales Representative or call us at 1-800-331-2213.

## Substitute W-9

Federal Law requires that you provide this information.

Beneficiary SS# or Tax ID: [ ███████ -4952 ]

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number and
2. I am not subject to backup withholding because:
   (a) I am exempt from backup withholding, or
   (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or
   (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. person (including a U.S. resident alien).

**Certification Instructions:** You must cross out item 2 if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. If you need further instructions, please contact the IRS.

**By signing this form I certify that the number shown on this form is my correct taxpayer identification number, I have indicated whether or not I am subject to backup withholding and that I am a U.S. person** (including a U.S. resident alien).

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Claimant's Signature (Signature does not need to be notarized) _____    Date _MAY 19, 2007_

If claimant is someone other than the beneficiary, please state the relationship to the beneficiary. (i.e. Guardian, Executor, Trustee) _____